MIDLAND COMPANY *vs.* RICHARD H. BROAT.

Argued June 20, 1892.   Decided July 22, 1892.

**Laws of Foreign State—When Enforced in this State.**

Courts will not enforce the penal statutes or criminal laws of a foreign state, but, by the comity existing between states or sovereignties, contracts and liabilities recognized by the laws of the state or country where made or established may be enforced in the courts of the state or country where the action is brought, unless contrary to the policy or laws of the latter.

**Foreign Statutory Bond Enforced.**

A bond given by the plaintiff, in a suit in another state, in conformity with the laws of such state, upon the issuance of a writ of *ne exeat*, to secure the defendant therein for his costs and damages, gives a right of action under the *lex loci*, in case of a breach of the bond, which may be enforced in a foreign jurisdiction, and such bond may be the subject of counterclaim in favor of the obligee under the laws of this state, in an action upon contract brought against him here by the obligor in such bond.

Appeal by plaintiff, The Midland Company, from an order of the District Court of Hennepin County, *Canty*, J., made January 30, 1892, overruling a demurrer to the second defense and counterclaim in defendant's answer.

This action was brought by the plaintiff, The Midland Company, a corporation organized and existing under and by virtue of the laws of the State of Illinois, and doing business at Chicago, Illinois, on a promissory note for $1,205.37, executed and delivered by defendant, Richard H. Broat, a resident of Minneapolis, Minnesota, to D. H. Tolman, and indorsed and delivered by Tolman to plaintiff.   The defendant's second defense and counterclaim alleges, that on May 6, 1891, while defendant was temporarily in Chicago, the plaintiff brought a suit in chancery against him in the Circuit Court for Cook County, Illinois, and caused a writ of *ne exeat republica* to be issued against him, and that in pursuance of the order of the judge who directed the issuance of the writ, the plaintiff duly executed and filed in court a *ne exeat* bond in the sum of $5,000, conditioned that "if

the said Midland Company shall prosecute the said bill or petition with effect and without delay, and pay or cause to be paid to the said Broat, his heirs or assigns, and reimburse to the said Broat, all such costs and damages as shall be sustained by the wrongful suing out of the said writ of *ne exeat,* then said obligation shall be void; otherwise to be and remain in full force and virtue." The counterclaim further alleges that the bond was duly executed, approved and delivered to defendant, and that the writ was issued and delivered to the sheriff of Cook County, and defendant was arrested thereon and confined in jail wrongfully and without probable cause; that thereafter, upon a hearing duly had before the court, the writ and proceedings against him were quashed and adjudged unwarranted, wrongful and without just cause. He was released from custody, and the proceedings finally determined in his favor. The counterclaim further alleges that the defendant suffered damages in the sum of $5,000 by reason of the wrongful issuance of the writ of *ne exeat,* setting out in detail the items of his damages, and claims that he has a cause of action against plaintiff on said bond in the sum of $5,000.

To this defense and counterclaim, plaintiff demurred, on the ground that it did not state facts sufficient to constitute a counterclaim or defense to the cause of action set forth in the complaint. The demurrer was overruled, and plaintiff appeals.

*McWilliams, Frost & Brown,* for appellant.

1. A cause of action arising from the failure to comply with the conditions of a statutory *ne exeat* bond, does not constitute a cause of action "arising on contract" within the meaning of 1878 G. S. ch. 66, § 97, and for the following reasons: *First.* The clause referred to was intended to exclude all causes of action arising from torts. The cause of action alleged is purely an action to recover for malicious prosecution, though in form an action on a bond. *Second.* The word "contract," as used in the statute, cannot be interpreted so as to include a statutory bond. Such a bond lacks two essential elements of a contract,—mutuality, and the consent of the parties. It is a statutory obligation in the nature of a penalty. *Furber* v.

*McCarthy,* 54 Hun, 435; *McCoun* v. *New York Cent., etc., R. Co.,* 50 N. Y. 176; *O'Brien* v. *Young.* 95 N. Y. 428; *Bidleson* v. *Whytel,* 3 Burrows, 1545; *Irvine* v. *Myers & Co.,* 6 Minn. 558, (Gil. 394.)

2. The courts of this state have no jurisdiction to enforce the liability arising on a bond executed pursuant to a statute of another state, and in the course of the prosecution of an action in that state. Such a bond is in the nature of a penal obligation, which a foreign state will not undertake to execute. Statutes enabling such bonds to be sued on by parties injured concern the remedy, and have no extra-territorial force. Wharton, Confl. Laws, §§ 4, 485; *Pickering* v. *Fisk,* 6 Vt. 102; *Hunt* v. *Pownal,* 9 Vt. 411; *Dimick* v. *Brooks,* 21 Vt. 569; *McFee* v. *Ins. Co.,* 2 McCord, 503; *Indiana* v. *John,* 5 Ohio, 218; Illinois R. S., ch. 97, § 5. If not strictly a penal bond, the bond in question is certainly an official bond, and as such is not enforceable in a foreign jurisdiction. *Scoville* v. *Canfield,* 14 John. 338. The bond in question was by statute directed to be given in the course of an action in equity. Any action upon said bond must be brought in the same court in which the original suit was brought. Murfree, Bonds, §§ 36, 387, 478; *McDermott* v. *Doyle,* 11 Mo. 444; *Davis* v. *Packard,* 6 Wend. 328.

*Benton, Roberts & Brown,* for respondent.

1. The court had jurisdiction to enforce the liability on this bond. The remedy sought on the bond is not merely derived by force of the statute, but is in accordance with the remedy known to the common law and to the laws of this state, and for that reason is enforceable in this state. *Price* v. *Doyle,* 34 Minn. 400; *Holbrook* v. *Klenert,* 113 Mass. 268; *Sweetser* v. *Hay,* 2 Gray, 49. But even if the bond was purely statutory and unknown to the common law, still it is enforceable in this state. The law of the place where a contract or obligation is made is to govern as to the nature, validity, construction and effect of such contract or obligation; being valid in such place, it is to be considered equally valid, and will be enforced in every other state. The *lex fori* governs simply as to the remedy. 2 Kent, Comm. 453–460. This court even extends the rule to rights of action *ex delicto* accruing in another state, in cases where there

would be no such right of action in this state. *First Nat. Bank* v. *Gustin, etc., Milling Co.,* 42 Minn. 327; *Herrick* v. *Minneapolis & St. L. Ry. Co.,* 31 Minn. 11. The courts of this state will enforce rights arising from statutes of another state, except in cases of strictly penal statutes, or unless immoral, or contrary to the policy or laws of this state. *Dennick* v. *Railroad Co.,* 103 U. S. 11; *McLeod* v. *Conn. & Pass. R. Co.,* 58 Vt. 727; *Com.* v. *Bassford,* 6 Hill, 526; Murfree, Bonds, § 393.

2. The cause of action arising on a statutory bond is one arising on contract. A bond is a contract, even though it be given to secure damages for a tort. 1 Chitty, Pleadings, (16 Am. Ed.) 123; *Burnap* v. *Wight,* 14 Ill. 301; *Wickham* v. *Weil,* 17 N. Y. Supp. 518, expressly disapproving *Furber* v. *McCarthy,* 54 Hun, 435, relied on by appellant. It has all the elements of a contract, as to assent. The defendant is presumed to assent, as a law-abiding citizen, to the giving of the bond required by law, and certainly is presumed to assent to the conditions made for his benefit. The consideration was the using the privileges of the statute. At any rate, a consideration is presumed, a bond being a sealed instrument. *McMillan* v. *Ames,* 33 Minn. 257. The only things necessary to make a contract under seal operative are, (1) execution, (2) delivery. *Hatch* v. *Hatch,* 9 Mass. 307. On all of these points we cite again, *Wickham* v. *Weil,* 17 N. Y. Supp. 518: *Miller* v. *Centerville,* 57 Iowa, 640.

VANDERBURGH, J. The plaintiff is a nonresident corporation, whose place of business is the city of Chicago, in the state of Illinois, and the defendant is, and at the time of the transaction mentioned in the answer was, a resident of the city of Minneapolis, in this state. On the 6th day of May, 1891, while he was temporarily in the city of Chicago, the plaintiff brought suit in chancery against him, and caused a writ of *ne exeat* to be issued against him pursuant to the laws of the state of Illinois, as alleged in the answer in this action, and, in pursuance of law and the order of the judge who directed the issuance of the writ, the plaintiff did duly file in court for the benefit of the defendant a certain *ne exeat* bond, executed by the plaintiff with

surety, in which the plaintiff acknowledged itself to be bound unto the defendant in the sum of $5,000, conditioned as follows: "Whereas, the said Midland Company has filed in the circuit court of Cook county its bill in chancery praying for a writ of *ne exeat* against the said Broat, and whereas, the Honorable L. C. Collins, one of the judges of the said court, has, upon the filing of said bill, indorsed an order under his hand thereon, directing the clerk of said court to issue a writ of *ne exeat* against this defendant upon the said Midland Company, giving bond and security as provided by law, in the sum of five thousand dollars, then, if the said Midland Company shall prosecute the said bill or petition with effect and without delay, and pay or cause to be paid to the said Broat, his heirs or assigns, and reimburse to the said Broat all such costs and damages as should be sustained by the wrongful suing out of the said writ of *ne exeat*, then said obligation should be void; otherwise to be and remain in full force and virtue." And it is further alleged and admitted for the purposes of this appeal that the bond was duly executed by the plaintiff under its seal, and duly approved by the court, and thereafter delivered to the defendant. It is also alleged by the defendant "that the writ was thereupon issued to the sheriff of Cook county, and defendant arrested thereon, and confined in jail wrongfully and without probable cause, as he insists, and that thereafter, on the 15th day of May, 1891, he appeared before the court, and, upon a hearing duly had, the said writ and the said proceedings were quashed, and adjudged unwarranted, and wrongful, and without just cause, by the said court, and said defendant released from custody, and the said proceedings against defendant were finally determined in his favor." The defendant claims that he has a cause of action upon the bond against the plaintiff for his costs and damages in the premises, and accordingly in his answer to a complaint against him in an action upon contract he has interposed a counterclaim therefor upon the bond. The sufficiency of the facts therein stated to constitute a legal counterclaim is the question presented on this appeal.

1. The liability of the plaintiff upon this bond may be enforced in the courts of this state.

The statutes of Illinois have, of course, no force, *ex proprio vigore*, outside the limits of that state, but, by the rule of comity prevailing between states or sovereignties, contracts and liabilities recognized or established by the laws of the state or country where made or incurred may be enforced in the courts of this state, unless contrary to good morals, or the policy and laws of the state.

Actions which are personal or transitory may be brought anywhere if jurisdiction of the person can be obtained. *Leonard* v. *Columbia Steam Nav. Co.*, 84 N. Y. 52; *Com.* v. *Bassford*, 6 Hill, 529; *Herrick* v. *Minneapolis & St. L. Ry. Co.*, 31 Minn. 11, (16 N. W. Rep. 413.)

The procedure for enforcing the liability in such cases will of course be governed by the *lex fori*, while the *lex loci* will apply to the construction or effect of such contract, or the nature of the right or liability sought to be enforced. The courts will not, however, assume jurisdiction to enforce the penal statutes or criminal laws of the foreign jurisdiction. *Scoville* v. *Canfield*, 14 John. 338.

2. An action brought to recover damages for a breach of the condition of the bond in question is an action upon contract.

It is certainly an obligation by which the plaintiff agreed and bound itself to answer to defendant in damages. It is such an undertaking as might have created a common-law liability apart from the statute. *Toles* v. *Adee*, 84 N. Y. 237, 91 N. Y. 566.

The technical common-law forms of action *ex contractu* are abolished by the Code, and actions which would formerly be distinguished as *debt, covenant*, or *assumpsit* all fall under the general designation of "actions upon contract."

The bond in suit is none the less a contract because it is required by and was executed in conformity with the statutory provisions referred to, nor because it is unilateral in form. The defendant is the obligee named in the bond, and is the party beneficially interested. It is a contract which the courts will recognize and enforce in his favor.

A judgment is a contract, by construction of law, for most purposes, and an action upon it is an action upon contract, and we think

it is a proper subject of counterclaim under the statute.   *Wells* v. *Henshan*, 3 Bosw. 626; *Badlam* v. *Springsteen*, 41 Hun, 162.   See *Gutta Percha & Rubber Manuf'g Co.* v. *Mayor*, 108 N. Y. 276, (15 N. E. Rep. 402.)

And we see no reason why a statutory bond like this may not be set up as a counterclaim.   *Wickham* v. *Weil*, (Com. Pl. N. Y.) 17 N. Y. Supp. 519; *Cornell* v. *Donovan*, 14 Daly, 295.

The statute allowing independent causes of action upon contract to be set up as counterclaims is a remedial one, and must have a liberal construction.   Pom. Rem. §§ 798, 799.

The damages claimed in the complaint are such as might very properly be set off against a recovery upon the note in suit, and they are such as, if proved, might be recovered in an action upon the bond. *Burnap* v. *Wright*, 14 Ill. 302.

Order affirmed.

(Opinion published 52 N. W. Rep. 972.)