ISABELLA NICHOLAS v. BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

November 14, 1899.

Nos. 11,749—(71).

### Death by Wrongful Act—Negligence of Master—Complaint.

The rule applied that it is the duty of the master to furnish a safe place for his servant to work in.  *Held*, the complaint sufficiently alleges that the defendant was guilty of negligence in failing to furnish such a place.

### Same—South Dakota Statute.

*Held*, the statute of South Dakota giving to the widow, heirs, or personal representatives a cause of action for negligence resulting in death is not so much in conflict with the public policy and statutory law of this state that our courts should refuse to enforce it.

Action in the district court for Freeborn county by plaintiff, as widow of Henry B. Nicholas, deceased, to recover $10,000 damages on account of his death.    From an order, Kingsley, J., overruling a demurrer to the complaint, defendant appealed.    Affirmed.

*S. K. Tracy* and *Daniel Rohrer*, for appellant.
*John A. Lovely* and *H. H. Dunn*, for respondent.

CANTY, J.

This is an action brought under the statute of South Dakota by the widow of one Nicholas for damages for defendant's negligence resulting in his death. Defendant appeals from an order overruling its demurrer to the complaint.

1. The allegations of negligence are as follows:

"That the said Henry B. Nicholas was engaged and employed by said defendant in and upon the construction of a certain bridge on its said line of road near the village of White, in the county of Brookings, in the state of South Dakota. * * *

That the said special work upon which the said Henry B. Nicholas was engaged was the construction of said bridge, in doing which he was then necessarily required, in the performance of his duty, to stand and work at and near an embankment of earth on the land and right of way of said defendant, which said bank of earth was a part of said defendant's roadway, and was supported by timbers, and braces, and planks placed against it by defendant to prevent it from falling, and had been for a long period of time previous to said 26th day of July, 1897, so supported; and that while the said Henry B. Nicholas was so employed to work, at said time and place, and without fault on his part, the said supports gave way and broke, by reason of their rottenness, and weakness, and insufficiency, and the bank of earth so supported thereby came down and fell upon the said Henry B. Nicholas, crushing his body, and skull, and head, and thereby causing his death.

That the said bank of earth so caving and falling upon said Henry B. Nicholas as set forth in the last paragraph was caused and occasioned by the negligence of the defendant in not properly supporting the same, but that the same had been so trussed up and supported to protect the same from falling by insufficient timbers and planks; and that said timbers had been allowed to remain for an unusually long time, and a much longer time than they should have been permitted to remain; and that the said timbers and supports were not properly inspected and examined by the said defendant, and had become old, worn, rotten, and decayed, without being replaced,—all of which was well known to said defendant, but was wholly unknown to said Henry B. Nicholas, who was at work on said bridge, and in proximity to said bank of earth, as above set forth, under the supposition that all the surroundings to his work were safe, and unaware of the negligence of said defendant, as above set forth."

We cannot agree with appellant that the complaint does not show that defendant was guilty of negligence. The case is not, as appellant contends, similar to that of Swanson v. Great Northern Ry.

Co., 68 Minn. 184, 70 N. W. 978. There the plaintiff was employed in loosening earth and gravel on the slope or bank of a gravel pit. "The place was made dangerous, and its character was continually changing, by reason of the work in which plaintiff and others were engaged." That is not the case here. So far as appears, the character of the place here in question did not change with the progress of the work, but was in a permanent condition, and in that condition was furnished by the master as a place for the servant to work in. Under these circumstances, the rule applies that it is the duty of the master to furnish a safe place for his servant to work in.

2. The complaint further alleges that the statute of South Dakota in force at the time of said injury is as follows:

"If the life of any person or persons is lost or destroyed by the neglect, carelessness, or unskilfulness of another person or persons, company or companies, corporation or corporations, their or his agents, servants or employees, then the widow, heir, or personal representatives of the deceased shall have the right to sue such person or persons, company or companies, corporation or corporations, and recover damages for the loss or destruction of the life aforesaid."

We cannot agree with appellant that this statute is so much in conflict with the statutory law and public policy of this state that the courts of this state will refuse to enforce it. On the contrary, we are of the opinion that a cause of action arising under it is enforceable in this state. See Herrick v. Minneapolis & St. L. Ry. Co., 31 Minn. 11, 16 N. W. 413.

These are all the questions raised having any merit, and the order appealed from is affirmed.