NOBLE v. MILLER, Appellant.

**Division One, May 21, 1902.**

**Ejectment:** POSSESSION: SUFFICIENCY OF EVIDENCE: APPELLATE PRACTICE.  Where the only issue in the case is the sufficiency of the evidence to show that defendant was in possession of the lots in suit, and the trial court has held it is sufficient, and there is positive evidence to support that finding, the appellate court will not disturb the judgment.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*Lipscomb & Rust* for appellant.

The question before this court is a question of law, pure and simple.    It is not a question, therefore, where this court will in any way defer to the finding of the court below.    It is as if this court were passing on the effect of plaintiff's testimony considered as a written instrument, and considered as such it is certainly not sufficient.    The defendant's home is on the fifth and sixth lots from the corner, but from all the testimony can this court possibly say that plaintiff's lots are fifth and sixth from the corner; or that lots 15 and 16 are the fifth and sixth from the corner?    "Plaintiff must allege and prove possession in defendant and a judgment against one not in possession is void."    Shaw v. Tracy, 95 Mo. 531; Ins. Co. v. Cummings, 13 Mo. App. 76.

Noble v. Miller.

*Flower, Peters & Bowersock* for respondent

(1)   The Supreme Court will not reverse the judgment of the trial court in an action at law tried before the court without a jury unless there is no legal evidence tending to support the judgment. Tucker v. Railroad, 54 Mo. 177; Hamilton v. Boggess, 63 Mo. 233; Irwin v. Woodmansee, 104 Mo. 403; Cook v. Farrah, 105 Mo. 492; Magee v. Burch, 108 Mo. 336; Godman v. Simmons, 113 Mo. 122; State v. Fischer, 124 Mo. 460; Williams v. Monroe, 125 Mo. 574. (2)   There was ample evidence to support the judgment in this case.

BRACE, P. J.—This is an action in ejectment to recover possession of lots 15 and 16 in block 3 in the town of Leeds in Jackson county.   The petition is in common form and was filed November 1, 1898.   The answer is a general denial.   The case was tried before the court without a jury on April 14, 1899.   On the trial the plaintiff introduced documentary evidence showing title in himself to the premises, and then introduced a witness who testified that he knew the lots, that the defendant was in possession of them, that there is a house on the lots, and that the defendant was then living in the house and had been for more than two years.   The defendant, after cross-examining the witness, demurred to the evidence, his demurrer was overruled, judgment rendered for the plaintiffs, and the defendant brings the case here by appeal.

The only ground urged for reversal is that the evidence was insufficient to show possession by the defendant of the identical lots described in the petition, counsel for defendant claiming that the probative force of the direct and positive evidence of plaintiff's witness on this subject was so impaired by his cross-examination that the court ought to have held it insufficient. The trial court was of a different opinion, and sitting as a jury trying this question of fact in an action at

law on the evidence, the finding of that court supported by the evidence is final and conclusive on this court as to the weight of it. This we have so often ruled that a citation of cases, other than those contained in the brief of counsel for plaintiff, is unnecessary. The judgment of the circuit court is affirmed. All concur.