ELIZABETH LEONARD vs. STATE MUTUAL LIFE ASSURANCE COMPANY.

PROVIDENCE—APRIL 24, 1905.

PRESENT: Douglas, C. J., and Dubois, J.

(1) *Life Insurance. Misrepresentation. Warranty. Retroactive Statutes.*

Pub. Laws cap. 997, passed April 4, 1902, providing that no misstatement made in procuring a policy of life insurance shall be deemed material or render the policy void unless the matter thus represented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and whether the matter so represented contributed to said contingency or event in any case shall be a question for the jury, has no application to contracts existing at the time of its passage.

(2) *Life Insurance. Misrepresentation. Warranty. Conflict of Laws.*

Rev. Laws, Mass. cap. 522, enacted in 1894, as amended by chapter 271 of the laws of 1895, section 21, provides, "No oral or written misrepresentation or warranty made in the negotiation of a contract or policy of insurance by the assured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive or unless the matter misrepresented or made a warranty increased the risk of loss":—

*Held,* that policies written in Massachusetts by a Massachusetts company in 1898 must be construed by said act.

*Held,* further, that, in view of said act, now first presented to the court, the decision in this case, reported 24 R. I. 7, would be modified, judgment for defendant set aside, and new trial granted.

PETITION for re-argument of opinion reported in 24 R. I. 7. Heard, and new trial granted.

DOUGLAS, C. J. This case came before the court upon the defendant's petition for a new trial after verdict for the plaintiff, and the petition was granted March 7th, 1902, in accordance with the opinion reported in 24 R. I. at p. 7. Since that decision, April 4, 1902, the General Assembly passed an act as follows: Chapter 997. "An Act in amendment of and in addition to Chapter 244 of the General Laws and any amendment thereof, entitled 'of views, witnesses, depositions, and evidence.' *It is enacted by the General Assembly as follows:*

"SECTION 1. No misstatement made in procuring a policy

of life insurance shall be deemed material or render the policy void unless the matter thus represented shall have actually contributed to the contingency or event on which the policy is to become due and payable; and whether the matter so represented contributed to said contingency or event, in any case, shall be a question for the jury, and the court shall instruct the jury on the law relative thereto.

"Sec. 2.  This act shall take effect on and after its passage, and all acts and parts of acts inconsistent herewith are hereby repealed."

It is claimed by the plaintiff that this statute has a retroactive effect and requires us to ignore the misrepresentations made by the insured in his applications, which were urged by the defendant as grounds for its petition for a new trial.

The plaintiff also claims that these policies, which were written in 1898 in Massachusetts by a Massachusetts company, were subject to chapter 522 of the Revised Laws of Massachusetts, enacted in 1894, as amended by chapter 271 of the laws of 1895.  Section 21 as amended is as follows:

"No oral or written misrepresentation or warranty made in the negotiation of a contract or policy of insurance, by the assured or in his behalf, shall be deemed material or defeat or avoid the policy, or prevent its attaching, unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss."

These claims were not suggested to the court at the former hearings, but are now urged as reasons for denying a new trial.

(1)    The Rhode Island statute has no application to the present case.  The contract of insurance was agreed upon long before it was enacted and there is no provision in it that it shall apply to contracts already existing.  It is difficult to see how such a provision could have been effective under the constitution of Rhode Island or under the constitution of the United States; but no such provision can be implied in the absence of express words to that effect.  *Dash* v. *VanKleeck,* 7 Johns. 447, 500; *Sanford* v. *Bennett,* 24 N. Y. 20, 23;  *Dodge* v. *Nevada Nat. Bank,* 48 C. C. A. 626.

(2)    The second claim, however, seems to us well founded.

The contract was made in Massachusetts, to be executed there, and, it can not be disputed, must be construed by the law of that State. The provision referred to was enacted in 1887, C. 214, and has been construed in the Supreme Judicial Court in several cases.

In *Ring* v. *Phœnix Assurance Co.*, 145 Mass. 426, it was held that a misrepresentation made in obtaining a policy of fire insurance is to be deemed material if the matter represented increases the risk of loss, although not made with intent to deceive.

In *Durkee* v. *India Mutual Ins. Co.*, 159 Mass. 514, the statute was held to apply to a marine insurance policy.

In *White* v. *Provident Savings Life Assurance Society*, 163 Mass. 108, decided in 1895, the legislation on the subject is traced from the first provisions of this character, which applied in 1861 only to fire insurance and which later were made to include "all statements made in the negotiation of contracts and policies of insurance of whatever kind." The court say (p. 113–114): "The statutes above referred to show a general intention on the part of the legislature to make, in lieu of the rules which spring from the doctrines held in the law of insurance as to technical warranties and representations, a statute rule by which to determine the effect upon the contract of all statements on the part of the assured, and also the effect of by-laws and similar matters which it might otherwise be contended would avoid or modify the contract."

In *Levie* v. *Metropolitan Life Ins. Co. Ibid*, 117 (1894), it is decided that the questions whether answers and statements made in an application for insurance were misrepresentations, and, if so, whether, under Statute 1887, C. 214, § 21, they were "made with actual intent to deceive," or "the matter misrepresented increased the risk of loss," are questions for the jury.

After the opinion of the court, 24 R. I. 7, the plaintiff moved for a re-argument, then first presenting the Rhode Island and Massachusetts statutes quoted above, and the court granted the motion.

We can not doubt that, if the re-argument had taken place before the court as then constituted, it would have modified its opinion as applied to this case. The criteria of validity under the Rhode Island law were correctly declared by the court, but the view to which our attention is now directed shows them to be inapplicable.

The questions which are made important by the Massachusetts statute have never been categorically presented to the jury, and for that purpose a new trial is necessary. The parties have not had an opportunity fairly to try these issues.

We are of the opinion that until such an opportunity is given it would be improper for this division to assume that all the evidence bearing upon them has been introduced, or that the evidence already presented is so conclusive as to warrant a direction to enter judgment at the present time.

The petition for a new trial is granted, and the cause will be remitted to the Common Pleas Division for further proceedings

*Irving Champlin and Hugh J. Carroll*, for plaintiff.

*Edward D. Bassett*, for defendant.