ALMA POWELL v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 6, 1907.

Nos. 15,397—(135).

**Action under Foreign Statute—Comity.**

A right of action accruing to a party under a statute of another state will, as a matter of comity, be enforced in the courts of this state, when jurisdiction can be had and justice done between the parties, if such statute be not contrary to the public policy of this state; that is, against good morals, or natural justice, or the interest of this state or its citizens.

[1] Reported in 113 N. W. 1017.

**Same—Unlimited Damages.**

    A right of action, given by a statute of North Dakota to the surviving spouse, children, or personal representative, in the order named, of a person killed by the wrongful act or neglect of another, to recover, without limit, such damages as are proportionate to the injury resulting from his death, for the benefit of his heirs in such shares as the trial judge shall fix in his order for judgment, will be enforced in the courts of this state.

Action in the district court for Ramsey county to recover $50,000 for the death of plaintiff's husband. The case was tried before Bunn, J., and a jury which rendered a verdict in favor of plaintiff for $11,-000. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*M. L. Countryman*, for appellant.

The statute of North Dakota which is sought to be enforced in this action is in certain important respects so dissimilar to our own statute upon the same subject that it ought not to be enforced in our courts. (a) Our statute permits recovery only on behalf of the surviving spouse or next of kin of the deceased. The statute of North Dakota makes no discrimination in favor of any dependent class of beneficiaries, but in all cases the damages awarded go to the "heirs at law" of the deceased. (b) Our statute fixes the share of each beneficiary, and neither court nor jury are permitted to make any different distribution of the amount awarded. The statute of North Dakota provides no rule of distribution among the beneficiaries, but on the contrary leaves each case to be disposed of in that respect according to the trial judge's conception of the needs of the different heirs at law. (c) An indispensable feature of the enforcement of the North Dakota statute is an extraordinary proceeding, subsequent to the trial, consisting of an investigation by the trial judge, sitting as a statutory tribunal in the nature of a probate court, for the purpose of making a decree of distribution among the heirs of the deceased—a decree not based upon any statute of descent or distribution, but resting wholly in the sound discretion of the court. Some of the heirs (as in the case at bar) may be minors, but there is no provision for having them represented by guardian or next friend in this important proceeding to ascertain the shares which they shall be awarded by the judge.

No such extraordinary proceeding is known in the law or practice of this state. (d) All matters of remedy and procedure are governed by the laws of the forum, and no effect will be given to the mere remedial provisions of any foreign law. In one sense this provision of the North Dakota statute, under which the trial judge ex parte determines the distributive shares of the beneficiaries, is a mere matter of remedy or procedure, hence if full effect could be given to the statute independently of such remedial detail, and if there were no other valid objections to the enforcement of the law in the courts of this state, comity might require it to be enforced in the ordinary way, by an ordinary suit, verdict and judgment. The insuperable obstacle to such method of enforcement exists in the fact that until the trial judge, subsequent to the trial, has conducted the investigation provided for by the statute, ascertained the share to which each heir is in his judgment entitled, and made an order for judgment accordingly, there cannot be any complete or effectual enforcement of the statute. In short, by no method whatsoever can the amount of damages awarded be distributed among the heirs except by resorting to the peculiar machinery created by this statute. This being true, it conclusively appears that while the supplemental proceeding by the judge pertains primarily to the remedy, it cannot be disregarded as a feature of the substantive right conferred by the statute, without entirely defeating the enjoyment of that right. The intention of the legislature of North Dakota is manifest, that in every action under the statute there shall be, in effect, two trials, one by a jury to determine the gross amount of damages, the other by the judge who presided at the first trial, to adjudicate the conflicting claims of the heirs among themselves, and render a decree of distribution. Either proceeding, without the other, would accomplish nothing towards the enforcement of the statutory right. (e) If we are correct in assuming that under established principles of law our district court cannot be converted, pro hac vice, into a probate, surrogate or orphan's court to accommodate nonresident suitors seeking the benefits and peculiar remedies of a foreign statute, it follows from what has already been said, that the present action must fail. It must fail because of the utter uselessness of prosecuting it in accordance with our own forms.

of procedure up to the point of verdict, and then encountering the insurmountable obstacle of an exclusive extraordinary proceeding, unknown to our law, but demanded by the foreign law as indispensable to a complete remedy. Such conclusion of reasoning argues no miscarriage or denial of justice. On the contrary the courts of North Dakota, where plaintiff resides, are open to her, and no good reason can be suggested why she could not sue defendant in that state, whose courts are bound to enforce all the remedial details of the statute she invokes. (f) The statute of North Dakota places no limitation upon the amount of recovery. The jury are allowed to give whatever amount "they think proportionate to the injury," i. e., unlimited compensatory damages.

The trial court unwarrantably interfered with appellant's counsel in his argument to the jury. It was the obvious intention of counsel to argue to the jury that in view of the uncertainty of human life, the constant risk of death to which all are exposed in a thousand ways, it is not just or fair to a defendant to assess against him the entire amount of pecuniary damage that can be computed upon the basis of expectancy of life of the deceased and the beneficiaries, and that accordingly it was a wise policy which induced our legislature to fix a limit of $5,000 in all such cases; that while the court had ruled that our own statute did not, as a matter of law, apply to the case at bar, it was nevertheless an instructive guide in the deliberations of the jury; that they ought to consider carefully whether a greater, and to a large extent speculative, amount ought to be awarded against one of our own citizens at the suit of a nonresident, under a foreign law, than could be allowed in any case governed by our own law.

*Samuel A. Anderson,* for respondent.

It is not essential that similar legislation exist in this state in order to justify enforcement of the North Dakota statute. Herrick v. Minneapolis & St. L. Ry. Co., 31 Minn. 11; Dennick v. Railroad Co., 103 U. S. 11; Stewart v. Baltimore & Ohio R. Co., 168 U. S. 445, 450.

Refusal to permit counsel to discuss to the jury the statutory limitation of Minnesota was proper. It was a matter with which the jury had no concern. It was not a matter in evidence. It could not in any way assist the jury in arriving at a just decision as to the actual

damages. Reference to such a statute could and would result only in prejudicing the jury against the respondent.

START, C. J.

Albert D. Powell, a brakeman employed by the defendant, a Minnesota corporation, was killed in the state of North Dakota, while acting as such, by the admitted negligence of other employees of the defendant, for which it is liable under the fellow servant statute of that state. This action was brought in the district court of the county of Ramsey, in this state, by the widow of the deceased, to recover damages for such negligence by virtue of a statute of North Dakota hereinafter referred to. She obtained a verdict for $11,000, and defendant appealed from an order denying its motion for a new trial.

The statute of North Dakota (see Revised Codes) is in these words:

"Sec. 5974. Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case, the person who, or the corporation or company which, would have been liable if death had not ensued, shall be liable in an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Sec. 5975. In such actions the jury shall give such damages as they think proportionate to the injury resulting from the death to the persons entitled to the recovery.

"Sec. 5976. The action shall be brought by the following persons in the order named:

First. The surviving husband or wife.

Second. The surviving children, if any.

Third. The personal representative.

"Sec. 5977. The amount recovered shall not be liable for the debts of the decedent, but shall inure to the exclusive benefit of his heirs at law, in such shares as the judge before whom the case is tried shall fix in the order for judgment, and for the purpose of determining such shares the judge may after the trial make any investigation which he deems necessary."

It is conceded that upon the death of plaintiff's husband a cause of action at once accrued to her in North Dakota by virtue of this statute, but it is contended that the statute is so dissimilar to our own on the same subject that her right of action ought not to be enforced in our courts. This is substantially the only question raised by the record.

A right of action accruing to a party under a statute of another state will, as a matter of comity, be enforced in the courts of this state, when jurisdiction can be had and justice done between the parties, if such statute be not contrary to the public policy of this state; that is, against good morals, or natural justice or the interest of this state or its citizens. Herrick v. Minneapolis & St. L. Ry. Co., 31 Minn. 11, 16 N. W. 413, 47 Am. 771; Midland Co. v. Broat, 50 Minn. 562, 52 N. W. 972, 17 L. R. A. 312; Nicholas v. Burlington, C. R. & N. Ry. Co., 78 Minn. 43, 80 N. W. 776; Negaubauer v. Great Northern Ry. Co., 92 Minn. 184, 99 N. W. 620, 104 Am. St. 674; Stewart v. Baltimore & Ohio R. Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537; Rick v. Saginaw, 132 Mich. 237, 93 N. W. 632, 102 Am. St. 422.

The statute of another state is not contrary to the public policy of this state simply because it is materially unlike our own, nor is it so even if we have no statute on the same subject that it covers. In the Herrick case a right of action, given by a statute of the state of Iowa to an employee of a railway company against it for the recovery of damages for injuries sustained by him by reason of the negligence of a fellow servant, was enforced in the courts of this state, although at the time the law of this state was the common law, which denied a servant any relief from his master for the negligence of his fellow servant. Nor is it any reason for refusing to enforce a right of action given by the statute of another state that it is given to a different person or party than it is by our own statute. This was expressly held in the Nicholas case. The claims of the defendant must be tested by the rules we have stated.

Its first claim is, in effect, that the provision of the statute of North Dakota, which declares that the damages recovered shall inure to the exclusive benefit of the heirs at law of the deceased in such shares as the trial judge shall fix in the order for judgment, is so dissimilar to the provisions of our own statutes that the courts of this state can-

not give it effect, and therefore they will not entertain the action. This cause of action accrued upon the death of the deceased in North Dakota, and the right of the plaintiff to enforce it was then absolute. The determination of the respective shares of the heirs by the trial judge is a mere incident to the entry of judgment after the liability of the defendant and the amount thereof have been determined by the verdict. Such determination after the trial in no manner affects or interests the defendant. The court can do full justice between the parties to the action, whether or not it fixes in the judgment the amount which shall inure to the benefit of each heir. In any event, the judgment must be entered in favor of the plaintiff and against the defendant for the amount of the verdict. When the defendant pays to the plaintiff the amount of the judgment its liability is absolutely extinguished, and it has no more concern as to the preservation or distribution of the fund than the defendant, in an action under our statute to recover by a father for injuries to his minor child, has in the determination by the court of the question whether the plaintiff shall give security before the amount of the judgment is paid to him. Lathrop v. Schutte, 61 Minn. 196, 63 N. W. 493. It is quite obvious that the provisions of the statute of North Dakota as to the determination of the respective shares of the heirs in the amount recovered is a mere incident to the entry of judgment, with which the courts of this state will comply, and that it is not contrary to good morals, or natural justice, or the interest of the state or its citizens.

The defendant further claims that it is against the public policy of this state to allow the recovery of more than $5,000 damages, the limit in our statute, for the death of a person by the wrongful act or neglect of another. This question is settled adversely to the defendant by the Herrick case, for in that case nothing whatever could have been recovered under the laws of this state, and yet the statute of Iowa, giving what our laws then wholly denied, was enforced. The greater includes the less. In the Negaubauer case the time limit for bringing the action in the statute of Montana, although greater than that in our own statute, was given effect. We hold that the fact that the amount of the recovery in actions of this kind is limited by our statute, but not by the statute of North Dakota, affords no reason why the courts

of this state should not enforce in its entirety the right of action given by the statute of North Dakota.

The last contention of the defendant's counsel is that the trial court erred in refusing to permit him to discuss our own statute as to damages. The ruling was manifestly right, for the statute of the forum had nothing to do with the damages.

Order affirmed.