AMERICAN NAT. INS. CO. v. DONAHUE *et al.*

No. 5588.    Opinion Filed December 21, 1915.

(153 Pac. 819.)

1. **INSURANCE—Proof of Loss—Waiver.** A provision in an insurance policy requiring proof of loss to be furnished the company within a certain definite time is waived by the company denying liability within said time upon other grounds than failure to furnish proof of loss.

2. **INSURANCE—Action on Policy—Pleading—Denial of Liability.** Plaintiffs plead that they made due demand.for the payment of the loss upon an insurance policy, and that the company refused payment. **Held,** when applied to a solvent insurance company, equivalent to a denial of liability.

3. **SAME—Proof of Loss—Waiver—Evidence.** Plaintiff testified at the trial that the insurance company refused to pay the loss after demand was made. No inquiry was made by the defendant company as to the nature of the demand or refusal, nor did the company offer any evidence whatsoever upon that point. **Held,** under those circumstances, the proof was sufficient to establish a waiver of proof of loss.

4. **CONTRACTS — Construction — What Law Governs.** When the contract is made and to be performed in the same jurisdiction, the law of the place governs the construction of its language and the rights of the parties under it.

5. **INSURANCE — Failure to Pay Loss — Damages Allowed by Statute—Right to Recover.** A statute of the State of Texas provides that, if an insurance company fails to pay a loss within 30 days after demand, then 12 per cent. additional to the original amount and a reasonable attorney's fee shall also be collected in case the company is held liable for the original amount. **Held,** each of said provisions can be enforced in this state, where the policy is a Texas contract.

6. **SAME—Operation of Statute.** An insurance policy was issued in 1908, and was a Texas contract. In 1909 there was enacted in that state a law to the effect that, if an insurance company fails to pay a valid loss within 30 days after demand, then, in case of recovery, it shall also be held to pay 12 per cent, additional as damages and a reasonable attorney's fee. The loss occurred in 1911. **Held,** the statute was not retroactive, and did not operate upon a contract made before the statute was enacted.

7. **STATUTES—Construction—Retroactive Operation.** Generally a statute will be construed as applying to conditions that may arise in the future, and an act will not be given a retrospective operation unless the intention of the Legislature that it shall so operate is unequivocally expressed.

8. **CONSTITUTIONAL LAW—Vested Rights—Procedure and Remedy.** No person has a vested right in any particular mode of procedure or remedy.

9. **INSURANCE—Delay in Paying Loss—Statute Authorizing Recovery of Damages.** A statute allowing a recovery of 12 per cent. damages in an action on an insurance policy for delay in paying loss is a law relating to the performance of the contract, and not to the remedy.

(Syllabus by Mathews, C.)

*Error from District Court, Pontotoc County;*
*Tom D. McKeown, Judge.*

Action by Mrs. John Donahue and John Donahue against the American National Insurance Company. Judgment for plaintiffs, and defendant brings error. Modified and affirmed.

*Hainer, Burns & Toney* and *Williams & Neethe,* for plaintiff in error.

*Jas. P. Haven, Wolfe & Wood,* and *Utterback, Hayes & MacDonald,* for defendants in error.

Opinion by MATHEWS, C. The parties hereto will be designated as in the trial court. Plaintiffs allege, in substance, that plaintiffs are residents of the State of Texas; that on the 5th day of November, 1908, the defendant issued an accident insurance policy to one W.

T. Harvey, a resident of Grayson county, Tex., wherein it was agreed that, if the said Harvey should lose his life by accident under the conditions set out in the policy, defendant would pay to plaintiff Mrs. John Donahue the sum of $2,000 and 5 per cent. additional for each full year renewal; that the death of the said Harvey occurred on the 13th day of July, 1911, in Pontotoc county, Okla., while he was engaged in his work as a carpenter in erecting a mail crane, by falling from a platform, and thereby sustaining injuries from which he died; that said insurance contract was a Texas contract, and that section 35, c. 108, Session Laws 31st Legislature of the State of Texas, provided that in case an insurance company shall, within 30 days after demand, fail to pay the policy, then, in addition to the amount of the loss, 12 per cent. damages of the amount of such loss, with a reasonable attorney's fee, shall be collected; that due demand was made more than 30 days prior to the institution of this suit; and that the company refused to pay the loss, for which plaintiff prayed judgment, with the aforesaid 12 per cent. additional and a reasonable attorney fee.

The defendant company answered by what was, in effect, a general denial. Defendant's first contention is that the plaintiffs failed to either plead or prove that they furnished proof of death as provided in the policy. Plaintiffs admit that they purnished no proof of death as stipulated in the policy, but rely upon an alleged waiver, which they plead as follows:

"And the plaintiff would show that due demand was made, that the company refused and still refuses to pay said loss or any part thereof, and that said demand was made more than 30 days prior to the institution of this suit."

A provision in an insurance policy requiring proof of loss to be furnished the company within a certain definite time is waived by the company denying liability within said time upon other grounds than failure to furnish proof of loss. *Oklahoma Fire Ins. Co. v. Wagester,* 38 Okla. 291, 132 Pac. 1071.

While we do not commend the loose and indefinite style of pleading a refusal to pay after demand that has been used in the case at bar, yet the exact point here raised, that plaintiffs have not pleaded a waiver, has been decided adversely to defendant's contention by this court in the very recent case of *Continental Ins. Co. v. Chance,* 48 Okla. 324, 150 Pac. 114, wherein almost the exact language was used in pleading a waiver that was used in the case at bar, and the court there said:

"While it would have been better to have alleged directly that defendant had 'denied liability,' instead of saying that it had 'refused payment,' yet the refusing of payment by a solvent insurance company is the equivalent to denying liability, and we think the rule that the facts relied upon to constitute estoppel must be pleaded with definiteness and particularity is sufficiently complied with in pleading estoppel in a case like this, by simply alleging that payment had been refused, or, better, that liability had been denied."

The only evidence introduced as to the waiver of proof by the refusal of the company to pay the loss was the very brief statement of the plaintiff, Mrs. Donahue, who testified the suit was filed on March 27, 1912, which was more than 30 days after the death of her father, the insured, and that the company refused to pay the insurance 30 days after the demand was made. The company was represented at the trial by its attorneys, who did

not cross-examine the witness, and made no inquiry whatever as to the nature of the demand or refusal and introduced no evidence on that point. Ought not this silence upon the part of the defendant be taken as conclusive that it was satisfied with the proof offered, as it saw fit not to deny it or gainsay it in any way? It does not comport with any idea of fairness, nor fill the requirements of a legal proceeding, which should have for its object the quest of the real facts, to permit the defendant to remain silent when it ought to speak out, and then be heard to complain here for the first time that the proof was not sufficient.

If defendant saw fit to accept it as sufficient there without complaining, then we shall accept it as sufficient here, notwithstanding its complaint. A law trial is not a game of "thimble," but should be an endeavor to arrive at facts in order that justice may be administered. Under the old adage that silence gives consent, we think the sensible conclusion in this case is, as defendant did not question plaintiff's testimony that the company refused payment after she had made demand, that the demand made by her and the refusal upon the part of the company were amply sufficient to establish a legal waiver upon the part of defendant.

The same principle was laid down by this court in the recent case of *German-American Ins. Co. of New York v. Lee,* 51 Okla. 28, 151 Pac. 642, wherein this court used the following language:

"Where plaintiff testifies that he furnished proof of loss in writing to defendant's agent within 60 days from the fire, but the proof of loss or a copy thereof was not introduced in evidence, and no evidence was offered as to its contents, it is held, in the absence of any showing

upon the part of the defendant, that the proof of loss so furnished was not sufficient, the evidence was sufficient to establish the fact that proof of loss was furnished in conformity with the terms of the policy."

That the contract of insurance was a Texas contract and governed by the laws of Texas permits of no argument. The domicile of both contracting parties was in that state, and the place of execution and performance fell within the confines of the State of Texas, and the interpretation of the contract must be governed by its laws. Cooley's Briefs on the Law of Insurance, vol. 1, p. 649; 5 R. C. L. p. 931.

When the contract is made and to be performed in the same jurisdiction, the law of the place governs the construction of its language and the rights of the parties under it. *Brandeis v. Atkins,* 204 Mass. 471, 90 N. E. 861, 26 L. R. A. (N. S.) 230; *Crumlish's Administrator v. Central Improvement Co.,* 38 W. Va. 390, 18 S. E. 456, 23 L. R. A. 120, 45 Am. St. Rep. 872; *Union Central Life Ins. Co. v. Pollard,* 94 Va. 146, 26 S. E. 421, 36 L. R. A. 271, 64 Am. St. Rep. 715.

Neither is there any doubt but that every part of the contract under consideration, whether the terms be expressly stated in the policy or be read into the same through the force of some governing statute of the State of Texas, can be fully enforced in this jurisdiction. *Midland Co. v. Broat,* 50 Minn. 562, 52 N. W. 972, 17 L. R. A. 312.

The defendant contends that the 12 per cent. in addition to the amount called for in the policy and the attorney's fees which are allowed by the statute of the State of Texas, where the company refuses to pay the

loss within 30 days after demand, are in the nature of a penalty, and, as our laws expressly prohibit the recovery of penalties on a contract, the same will not be enforced in our courts. We are inclined to hold against this contention. In the first place, the 12 per cent. additional and the attorney fees allowed by the Texas statute are not of the nature of a penalty, but are declared by the statute to be "damages." *Mutual Reserve Life Ins. Co. v. Jay,* 50 Tex. Civ. App. 165, 109 S. W. 1116. Even if it be a penalty, it will nevertheless be enforced here. *Pope v. Hanke,* 155 Ill. 617, 40 N. E. 839, 28 L. R. A. 568; *Gooch v. Faucett,* 122 N. C. 270, 29 S. E. 362, 39 L. R. A. 835; *Palmer v. Palmer,* 26 Utah, 31, 72 Pac. 3, 61 L. R. A. 641, 99 Am. St. Rep. 820; *Bank of Commerce v. Fuqua,* 11 Mont. 285, 28 Pac. 291, 14 L. R. A. 588, 28 Am. St. Rep. 461.

Holding, as we do, that the laws of the State of Texas govern in the interpretation of the insurance contract under consideration, and that every term of the contract will be enforced by our courts, the most difficult and important question in the whole case here arises, and that is: Does the Texas statute allowing the 12 per cent. additional and the attorney fees aforesaid apply in this case?

The insurance policy was issued in 1908. The law permitting the 12 per cent. damages and attorney fees was enacted in 1909. The death of the insured occurred in 1911. Was the statute retrospective so as to operate upon the insurance policy already in existence? We have been unable to find where this precise question has ever been decided by any court, and it seems to be an original question, at least as far as our own courts are concerned.

Generally a statute will be construed as applying to conditions that may arise in the future, and an act will not be given a retrospective operation unless the intention of the Legislature that it shall so operate is unequivocally expressed. *Adair v. McFarlin et al.,* 28 Okla. 633, 115 Pac. 787; *Good v. Keel,* 29 Okla. 325, 116 Pac. 777.

But no person has a vested right in any particular mode of procedure or remedy, and if, before the trial of a cause, the Legislature provides a new procedure relative thereto, or gives another and different remedy, it governs, unless the statute provides otherwise. *Independent Cotton Oil Co. v. Beacham,* 31 Okla. 384, 120 Pac. 969.

It was held in the case of *Noble v. Miller,* 168 Mo. 533, 68 S. W. 889, that a statute allowing a recovery of 10 per cent. damages in an action on an insurance policy for delay in paying a loss is a law relating to the performance of the contract, and not to the remedy, and, if it be true that this provision becomes a substantial part of, and even one of the important terms of, the contract, then, as the Texas statute in no way intimates that it is to operate restrospectively, we must hold that it operates prospectively only.

The State of Nebraska has a statute similar to the Texas statute under consideration, but the Nebraska statute has a provision therein expressly stating that said act shall be applicable to all policies written or renewed before the date when said act went into effect, and in accordance with this provision the court of that state, in the cases of *Hanover Fire Ins. Co. v. Gustin,* 40 Neb. 828, 59 N. W. 375, and *American Fire Ins. Co. v. Land-*

*fare*, 56 Neb. 482, 76 N. W. 1068, held the damages for delay and attorney fees collectible upon policies issued prior to the taking effect of the law, but these cases are not in point here, because the Texas statute has no such provision.

In the case of *Life Insurance Co. v. Ray*, 50 Tex. 511, the court held that, where the loss which occasioned the suit occurred before the enactment of the law allowing a recovery of attorney's fees, the attorney's fees could not . be recovered, and, while the court expressly stated therein that it did · not pass upon the question whether or not attorney's fees could be collected where the loss occurred after the enactment, which is the precise question here, yet therein the court used this significant language:

"It is a well-settled rule that statutes are always held to operate prospectively, unless a contrary construction is evidently required by their plain and unequivocal language. * * * Certainly the language here used seems much more appropriately to apply to losses to occur after the passage of the law than to such as had previously occurred, though they were still unpaid; but, if it plainly appears that the Legislature intended .it to apply to all cases, without reference to the date of loss, we should feel constrained to hold that effect could not be given to this intention in this case. To do so would, in our opinion, violate the obligation of the contract, and also be in direct conflict with the provision of our state Constitution prohibiting the enactment of retrospective laws."

We take the following excerpt from Kerr on Insurance:

"The obligation of a contract consists in its binding force on the party who makes it. This depends on the

laws in existence when it is made. These are necessarily referred to in all contracts and form a part of them as the measure of obligation to perform them by the one party and the right acquired by the other. * * * If any subsequent law affect to diminish the duty or to impair the right, it necessarily bears on the obligation of the contract in favor of one party to the injury of the other; hence any law which in its operation amounts to a denial or obstruction of the rights accruing by a contract, though professing to act only on the remedy, is directly obnoxious to the prohibition of the Constitution." *McCracken v. Hayward*, 2 How. 612, 11 L. Ed. 397.

A certificate issued prior to the enactment of a statute is not within its provisions. Joyce on Insurance, vol. 1, sec 194.

The case of *Leonard v. State Mutual Life Assur. Co.*, 27 R. I. 121, 61 Atl. 52, 114 Am. St. Rep. 30, was upon the effect of a statute upon a policy already issued, which provided that no misstatement in procuring the policy should render the policy void under certain conditions therein set out, and it was there held:

"The Rhode Island statute has no application to the present case. The contract of insurance was agreed upon long before it was enacted, and there is no provision in it that it shall apply to contracts already existing. It is difficult to see how such a provision could have been effective under the Constitution of Rhode Island or under the Constitution of the United States; but no such provision can be implied in the absence of express words to that effect." *Jarman v. Knights Templars' & Masons' Life Indemnity Co.* (C. C.) 95 Fed. 70; *Hovens v. Germania Fire Ins. Co.*, 123 Mo. 403, 27 S. W. 718, 26 L. R. A. 107, 45 Am. St. Rep. 570; *Cravens v. New York Life Ins. Co.*, 148 Mo. 583, 50 S. W. 519, 53 L. R. A. 305, 71 Am. St. Rep. 628.

The defendant has cited no authorities upon the point under consideration, and the plaintiffs have only cited the case of *National Life Ins. Co. v. Hagelstein* (Tex. Civ. App.) 156 S. W. 353. That case holds that, where a statute allowing the damages and attorney's fees for delay in paying the loss which is in effect at the time the policy is issued is repealed before the loss occurs, the damages and attorney's fees cannot be recovered where there has been a delay in the payment and necessitating a suit. This is, in effect, holding that the statute allowing the aforesaid damages and attorney's fees goes to the remedy, and does not constitute a substantial part of the contract itself. This is not a well-considered case, and lays down the above-named doctrine without any discussion of the principle involved, and does not cite any authorities to sustain it, and, for the reason that the weight of authority and the better reasoning is to the contrary, we decline to follow the same.

For the reasons given, we hold that the 12 per cent. which was added to the judgment as damages, amounting to $264, and the attorney's fee in the sum of $500, as returned by the jury are not a valid charge against defendant, and we recommend that the judgment be modified by deducting therefrom the said sum of $264, being the 12 per cent. of the main recovery, and the said sum of $500, being the amount allowed as attorney's fees, and that the judgment, so modified and corrected, be affirmed. The costs of appeal shall be taxed one-half to each party.

By the Court: It is so ordered.