UNION BOND & INV. CO. *et al.* v. BERNSTEIN *et al.*

No. 3367.    Opinion Filed March 24, 1914.

(139 Pac. 974.)

1.  **MECHANICS' LIENS—Foreclosure—Parties.** In a suit on account by a subcontractor for material furnished pursuant to Comp. Laws 1909, sec. 6151 (Rev. Laws 1910, sec. 3862) et seq., **held,** that the contractor, together with all lienholders on the same property, are indispensable parties, and that a personal judgment for the amount of the account against the owner is error.

2.  **SAME—Notice of Filing—Service.** Comp. Laws 1909, sec. 6153 (Rev. Laws 1910, sec. 3864), construed, and **held** that the subcontractor has a reasonable time after filing his statement for a mechanic's lien within which to serve a notice in writing of the filing of such statement upon the owner of the land or improvements; **held,** further, that such notice need not be served within the sixty days provided for filing a lien statement, but the subcontractor must exercise reasonable diligence after filing said statement to serve notice on the owner.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by Lee Bernstein and Louis Bernstein, partners, doing business as Bernstein Bros., against the Union Bond & Investment Company and others, and Hans Studt intervened. From a judgment for plaintiffs and intervener, defendants bring error. Reversed and remanded.

*Charles H. Garnett,* for plaintiffs in error.

*G. A. Paul,* for defendants in error

TURNER, J.   On December 23, 1910, Lee and Louis Bernstein, partners as Bernstein Bros., filed their petition in the district court of Oklahoma county, making the Union Bond & Investment Company, a corporation, George E. Swisher, George H. Anderson, and L. and J. L. Hughes, parties defendant. The suit was on account for material furnished L. and J. L. Hughes, as contractors, in the construction of a dwelling on lots 1, 2, 3 and 4 in block 24, Walnut Grove Addition to Oklahoma City, the

property of the other defendants, and to foreclose a subcontractor's lien therefor. After service of summons on all defendants save the contractors, Hans Studt intervened and sought to foreclose a like lien on the same property, which he alleged to be prior to the lien of plaintiffs. After issue joined by answer there was trial to the court and a personal judgment rendered and entered in favor of plaintiffs and against the contractors, L. and J. L. Hughes, Union Bond & Investment Company and George E. Swisher for $314 and costs, and in favor of Studt, against the same defendants for $36 and costs, and it was ordered that the lien decreed in favor of Studt be first foreclosed and satisfied out of the property; that the residue arising.out of the sale of the property be paid into court, to be applied pursuant to the further order of the court. To reverse this judgment, defendants, the Union Bond & Investment Company, and Swisher, and Anderson bring the cause here.

For the reason that a personal judgment was rendered against the defendants named, this cause must be reversed. A personal judgment was proper against the contractors only had they been in court. They are indispensable parties to this action. *Eberle v. Drennan, ante,* 136 Pac. 162. A personal judgment against defendant owners of the property was error. In *Alberti v. Moore et al.,* 20 Okla. 78, 93, Pac. 543, in the syllabus, we said:

"A subcontractor, materialman or workman, between whom and the owner there is no privity of contract, and in whose favor no direct liability has been imposed upon the owner, is not entitled to a personal judgment against the owner. The judgment rendered should be a personal one against the original contractor."

But there is another reason why this judgment should be reversed. When it developed in the evidence, as it did, that there were other subcontractors having liens upon the property the court should have permitted an amendment making them parties, as required by Comp. Laws 1909, sec. 6156, which reads:

"In such action all parties whose liens are filed as herein provided, and other incumbrances, shall be made parties, and issues shall be made and trials had as in other cases. Where such action is brought by a subcontractor, or other person not the original contractor, such original contractor shall be made a party

defendant, and shall at his own expense defend against the claim of every subcontractor, or other person claiming a lien under this act, and if he fails to make such defense the owner may make the same at the expense of such contractor; and until all such claims, costs and expenses are finally adjudicated, and defeated or satisfied, the owner shall be entitled to retain from the contractor the amount thereof, and such costs and expenses as he may be required to pay. *   *   * "

In view of the fact that this cause will likely be again tried, we will add that it was not error for the court to overrule a demurrer to plaintiffs' evidence. To maintain the issues plaintiffs proved their account for $383.27, the last item of which was furnished August 13, 1913, introduced in evidence their lien statement filed October 11, 1913, proved that the material charged was used in the erection of the building, and that they, as subcontractors, had served written notice thereof on the owner, November 11, 1913, and rested. It is contended that a demurrer to this evidence should have been sustained for the reason that the same disclosed that the notice was not served within 60 days from the date when the last item was furnished. Such was not required by law. Stripped to the point, Comp. Laws 1909 (sec. 6153, *supra*), reads:

"Sec. 6153. Any person who shall furnish any such material or perform such labor under a subcontract with the contractor, *   *   *   may obtain a lien upon such land, or improvements, or both, from the same time, in the same manner, and to the same extent as the original contractor, for the amount due him for such material and labor, by filing with the clerk of the district court of the county in which the land is situated, within sixty days after the date upon which material was last furnished or labor last performed under such subcontract, a statement verified by affidavit, setting forth;   *   *   *   and by serving a notice in writing of the filing of such lien upon the owner of the land, or improvements, or both.   *   *   *   The risk of all payments made to the original contractor shall be upon such owner until the expiration of the sixty days herein specified, and no owner shall be liable to any action until the expiration of said sixty days.   *   *   * "

Which means that the subcontractor has all of the 60 days within which to file his lien statement and a reasonable time there-

after to serve the notice. Here the court, in overruling the demurrer, in effect, so held, and that the 30 days was a reasonable time under the circumstances, and we cannot say that this was error. In *Deatherage v. Henderson,* 43 Kan. 684, 23 Pac. 1052, Comp. Laws of 1885, art. 27, sec. 631, required the subcontractor to file his lien statement within 60 days "and furnish a copy thereof to the owner or agent of the premises." There, as here, the contention was that both acts must be done within 60 days, but the court held not so, and said:

"If such a contractor had all of the sixty days within which to file his statement, it would have been impossible for him, in many cases, to furnish a copy thereof to the owner or agent of the premises, within the sixty days, if his statement was not filed until the last day. A more reasonable construction of the statute would be, to give the subcontractor a reasonable time, after filing his lien, to furnish a copy thereof to the owner or agent of the premises. What would be a reasonable time must be determined by the court or jury trying the case under the attending circumstances. But the subcontractor must be diligent in serving his notice and filing his lien."

Reversed and remanded for a new trial.

All the Justices concur.