## LITTLE v. HALLOCK.

No. 6815—Opinion Filed March 20, 1917.

Rehearing Denied May 15, 1917.

(164 Pac. 963.)

(Syllabus by the Court.)

1. **Public Lands—Appeal from Decision of Commissioners of Land Office.**

Under section 7187, Rev. Laws 1910, a person desiring to appeal from a decision of the commissioners of the land office to the district court, must serve written notice upon the secretary of the commissioners within 15 days after the rendition of the decision complained of, and must, within a reasonable time, after the service of such notice, execute and file a bond in such sum as the secretary shall prescribe, not to exceed double the rental value of the land affected by such appeal.

2. **Same—Notice of Appeal.**

Notice of appeal sent by telegram, which is actually received by the secretary to the commissioners within the time fixed, is sufficient.

3. **Public Lands — School Lands — Lessee's Right to Improvements—Commissioners' Jurisdiction.**

After school lands have been appraised and the lessee has indorsed his written acceptance of the appraisement of his improvements on the report of the appraisers, and the land and improvements have been sold under said appraisement, and the value of the improvements has been deposited by the purchaser with the commissioners, and possession surrendered to the purchaser by the lessee, the lessee is immediately entitled to the appraised value of his improvements, and the commissioners are without jurisdiction to order said amount or any part thereof returned to the purchaser.

Error from District Court, Harper County; W. C. Crow, Judge.

In proceeding for sale of leased school lands, Charles A. Little, purchaser, filed a protest as to the appraisement of improvements placed by D. H. Hallock, a lessee. The commissioners of the land office recommended that the sum of $500 deposited by the purchaser as the appraised value of the lessee's

irrigation improvements be refunded, and from an order of the court on the lessee's appeal dismissing the protest and ordering that the commissioners pay over to the lessee the amount deposited, the purchaser brings error. Affirmed.

Charles Swindall, for plaintiff in error.

Joseph L. Griffitts and Chas. L. Moore, for defendant in error.

HARDY, J. D. H. Hallock, who is defendant in error, was the lessee of certain school lands, having the preference right under a clause in his lease to purchase them in case of a sale thereof at the highest bid offered. The improvements upon said lands had been appraised at $895; $500 of said amount being for the "fair and reasonable" value of a certain irrigation ditch one-half mile in length. Hallock's written acceptance of the appraisement was indorsed thereon. On September 9, 1912, a hearing was had upon a protest filed by one William Little as to the appraised value of the drainage ditch and certain alfalfa. It does not appear that any notice was given to Hallock or that prior to waiving his preference right to purchase the lands he had any knowledge of such protest. At said hearing it was ordered that the lands be sold under the appraisement with the understanding that, if purchased by a person other than the lessee, the appraised value of the improvements in so far as it related to the drainage ditch and alfalfa would be investigated by the commissioners, and, if excessive and erroneous, the same would be readjusted and fixed at its true and correct value, if any, and the amount so fixed and determined would be paid over to the lessee, and the balance returned to the purchaser; and the superintendent of sales was authorized to announce the action of the commissioners as above set out immediately prior to offering said lands for sale. The land was bid in by Charles A. Little for the sum of $10,000, who deposited with the commissioners 5 per cent. of his bid, as required by law, and the appraised value of the improvements located on said land. A contract of purchase in due form was executed and delivered to him on September 12th, the date of purchase, in which it was recited that the appraised value of the improvements had been deposited by him which was to be paid to lessee as provided by law. On December 12, 1912, a hearing was commenced before the contest and protest committee upon a protest filed by Charles A. Little as to the appraisement of Hallock's improvements, at which hearing both Hallock and Little appeared. On July 7, 1913, the committee reported that in its opinion the irrigation ditch was not an improvement, and recommended

that the protest be sustained and the sum of $500, the appraised value of the ditch which had been deposited by Little, should be refunded to him. Thereupon the report of the committee was adopted by the commissioners and the money ordered refunded to Little. On July 21, 1913, the secretary of the commissioners was notified by telegram that notice of appeal in said proceeding had been forwarded by mail, which notice was filed July 23d, upon which last-named date the secretary made an order fixing the amount of the appeal bond at $100. Bond was filed and approved August 23d, and a transcript of the proceedings was thereafter filed in the office of the clerk of the district court of Harper county. On March 4, 1914, Little filed motion to dismiss Hallock's appeal upon the ground that notice thereof and bond had not been filed within 15 days from the date of the order appealed from. On March 20th Hallock filed motion to dismiss Little's protest theretofore filed with the commissioners, which motion was sustained, the court finding that the commissioners were without authority of law to entertain said protest, and entering an order that the commissioners should pay over to Hallock the amount deposited to cover the appraised value of said irrigation ditch, from which judgment and order of the court appeal was duly prosecuted by Little.

The plaintiff in error contends that the district court acquired no jurisdiction of Hallock's appeal because same was not perfected within the time required by law. Section 7187, Rev. Laws 1910, authorizes an appeal from all decisions of the commissioners of the land office by any person affected thereby to the district court of the county where the land is situated. Said appeal must be taken by the appellant serving written notice upon the secretary to the commissioners within 15 days after the rendition of the decision complained of, and by executing a bond with sureties in such sum as the secretary shall prescribe, not to exceed double the annual rental of the land affected by such appeal. The telegram notifying the secretary that notice of appeal had been mailed was received and filed by him before the expiration of the 15 days, and was treated by him as a notice of appeal, and was so considered by the court. There is no form of notice prescribed nor any particular method of service required in said section, and we think, as did the secretary and the trial court, that said telegram was a sufficient compliance with the requirements as to the service of notice. Western Union Tel. Co. v. Bailey, 61 L. R. A. 933, note.

It does not appear whether the formal written notice deposited in the mail was received by the secretary prior to the expira-

tion of the 15 days or not, but, even if not received until the day it was filed, the telegram was sufficient. Appeal bond was not filed within said time, and the failure to do so is said to be fatal to the jurisdiction of the court. The requirement of the statute is that the notice shall be served within 15 days after the rendition of the decision complained of, and that a bond shall be executed in such sum as the secretary shall prescribe. The secretary apparently construed the statute as permitting the bond to be given after the expiration of the 15 days in which the notice is required to be served, and this seems to be a reasonable construction. The notice may be served at any time within 15 days, and the secretary would not be required to determine the amount of the appeal bond until notice had in fact been served; neither could the party appealing execute and file said bond until the amount thereof had been fixed, and, after the secretary had acted, he would be entitled to a reasonable time within which to do so.

A similar question was presented in Union Bond & Investment Co. et al. v. Bernstein et al., 40 Okla. 527, 139 Pac. 974, where it became necessary to construe section 6153, Compiled Laws 1909. Said section required any person furnishing material or performing labor under a subcontract with a contractor, in order to obtain a lien upon the land or improvements for such labor or material, to file with the clerk of the district court of the county in which the land was situated, within 60 days after the date upon which the material was last furnished or labor performed under such subcontract, a statement verified by affidavit and also serving a notice in writing of the filing of such lien upon the owner of the land or improvements or both. It was held under this section that a subcontractor had all of the 60 days within which to file his lien statement, and a reasonable time thereafter to serve the notice. In support of its conclusion the court quoted from Deatherage v. Henderson, 43 Kan. 684, 23 Pac. 1052, construing a similar statute in Kansas as follows:

"If such contractor had all of the 60 days within which to file his statement, it would have been impossible for him, in many cases, to furnish a copy thereof to the owner or agent of the premises within the 60 days if his statement was not filed until the last day. A more reasonable construction of the statute would be to give the subcontractor a reasonable time after filing his lien to furnish a copy thereof to the owner or agent of the premises."

Applying the same rule in the construction of the statute before us, we hold that the notice and bond were served and filed with-

in due time, and upon the filing of a transcript in the office of the clerk of the district court of Harper county that court acquired jurisdiction of the appeal from the decision of the commissioners.

Upon appeal being perfected, the district court was required by the provisions of section 7187 to hear and try said cause de novo. Its jurisdiction was appellate, and it was authorized to make such orders as ought to have been made by the commissioners. Therefore, if the commissioners had no jurisdiction to entertain and determine said protest, the judgment of the court is right and should be affirmed.

Section 7150 authorizes the commissioners to provide for a new appraisement of said lands where it is made to appear that any such lands or improvements have not been properly appraised and requires notice to be given to the lessee of the appraised value of his improvements before such lands are offered for sale, and if any lessee, within 30 days from notice of the appraisement of his improvements, shall notify the commissioners in writing of his dissatisfaction therewith, the land covered by said lessee's contract must be reserved from sale pending a review of the appraisement in the district court of the county in which said land is located, and section 7151 authorizes an appeal from the board of appraisers to be taken as in the case of the condemnation of land for railway purposes and requires the procedure on such appeal and the review and demand for jury trial to conform to the procedure in such cases.

Section 7153 requires the purchaser at such sale, when other than the lessee, to pay to the commissioners of the land office or their authorized agent to reimburse the lessee having a preference right of purchase for the appraised value of all improvements upon the lands sold, and provides that upon possession being given by the lessee the commissioners shall immediately pay to him the value of all such improvements paid to them by such purchaser.

Section 7160 requires the purchaser to make an affidavit that the land is purchased for his own use and benefit, and not either directly or indirectly for the use and benefit of another, before a certificate of purchase is issued.

Under the authority given the commissioners had caused said lands to be appraised, notice of which was given to Hallock, and the appraisement accepted by him, and the lands ordered sold subject to such appraisement, and said lands were in fact sold, the appraised value of the improvements de-

posited with the commissioners as required. and affidavit executed by the purchaser and possession surrendered by the lessee, and when Hallock accepted said appraisement and surrendered possession to the purchaser, he became entitled immediately to the sum deposited to cover the value of his improvements (section 7153), and the commissioners were without any authority thereafter to entertain any protest against the payment of such sum or to reduce the appraised value of any of the improvements or to order any portion of the sum deposited repaid to the purchaser. It would be manifestly unfair to the lessee, who had acquiesced in the appraisement and surrendered possession of his improvements, to thereafter deprive him of any part of the money to which he was entitled, and the statute authorizes no such proceeding, and it seems clear that it was the intention that such should not be done. An additional reason why Little is not entitled to the relief sought is that he purchased said lands subject to said appraisement and deposited the amount thereof with the commissioners and went into possession under a contract of purchase which recited that the sum deposited by him was for the benefit of and should be paid to the lessee.

The judgment of the court was right, and is therefore affirmed.

All the Justices concur.