UNITED STATES FIDELITY AND GUARANTY COMPANY, Inc., Plaintiff in Error,

v.

W. E. BELEW, Defendant in Error.

No. 37677.

Supreme Court of Oklahoma.

Nov. 5, 1957.

Rehearing Denied April 23, 1958.

Application for Leave to File Second Petition for Rehearing Denied May 20, 1958.

Frank T. McCoy, John T. Craig, Pawhuska, for plaintiff in error.

Bledsoe, Nicklas & Chrisman, Lawton, for defendant in error.

DAVISON, Justice.

This is an action on a bond given by the contractor in the construction of a public school building. Plaintiff is the assignee of a partnership of which he is a member which furnished material to R. T. Moore, a subcontractor of the contractor. The action is for a balance due of $2,128.90 for material furnished the subcontractor. The defendant United States Fidelity and Guaranty Company, surety on the bond given to the school board to secure payment to laborers and materialmen, defends solely on the ground that the evidence is insufficient to establish that the material furnished to the subcontractor was used in the building. R. T. or Dick Moore was a subcontractor furnishing and installing the electrical material under a contract made by Clark Taylor with the school board. Moore is not a party to this action.

W. E. Belew, hereinafter referred to as plaintiff, introduced forty-nine items or bills which he alleges represent the material and supplies his company furnished during the construction of the building and except for certain items hereinafter mentioned testified that the material was used in the construction of the building. The building was known as Washita School in Comanche County. The plaintiff was the only witness in his behalf. The defendant called a witness, Parish, the person responsible for the installation of the electrical equipment and Clark Taylor, the contractor. Their testimony will not be reviewed except insofar as is necessary to discuss the alleged errors presented by the defendant.

A verdict was rendered for $2,128.90, the amount for which suit was brought. Judgment was entered thereon and defendant appeals.

It is first argued that the evidence is insufficient to support the verdict and that the court erred in refusing to direct a verdict for the defendant. Defendant's chief argument is addressed to several specific items in the forty-nine exhibits introduced which we shall consider. As to exhibit twenty-eight constituting a total amount of $34.17 for wire the testimony of plaintiff is that the material was hauled out by Moore. It is the testimony of plaintiff that it was used in the construction of the building and there is no testimony to the contrary in the record. As to exhibit one in a total amount of $61.97, for wire, plaintiff testified that he delivered this to Moore for use in the construction of Washita

School and that the material was used in its construction.

In establishing the use of the material in a situation such as this each case must rest on its own facts and circumstances and where there is competent evidence that the material was delivered and used in the construction of the building this raises a question of fact for the jury. Defendant relied on De Bolt v. Farmers' Exchange Bank, 51 Okl. 12, 151 P. 686. In that case there was a finding by the trial court without a jury for the defendant. Therein it is stated:

"* * * In order for the plaintiff to foreclose a materialman's lien, it is incumbent upon him to show that the material furnished went into the building. Rockel on Mechanics' Liens, § 22. Yet, when it is shown that the material was sold to be used in the building, that it was delivered to the builder upon the premises where the building is to be erected, and that the building was actually erected, and where there is some testimony showing that some of the material was used in the building, then a prima facie case is made out."

In the case we are now considering many of the forty-nine items were not seriously questioned. We find competent evidence that the material sold was used in the construction of the building with the exception hereinafter stated. There was no error in refusing to direct a verdict for the defendant.

It is next argued that the court erred in giving instruction number six. This instruction in substance stated it was the duty of the jury to determine whether all credits and payments had been allowed. The evidence discloses that during the construction of the building the contractor gave a check for $2,450.72 made payable to Moore and plaintiff's company jointly. The check was endorsed by plaintiff for the company and Moore was paid $1,-600 of this amount. Defendant states that this instruction ignores the duty of the

jury to allow full credit for the $2,450.72. We do not agree. Defendant cites Southwest Hardware and Lumber Co. v. Borgerson, Mo.App., 77 S.W.2d 195, wherein it is disclosed that the owner made payments to the lien claimant and the contractor by a joint check. The case is not in point. The owner made no payment to the contractor in the case we are now considering and Taylor made the payments jointly and it was a question of fact for the jury to determine what credit was allowed. There was no error in giving this instruction.

Defendant next argues that the court erred in giving instruction number eight. This instruction properly followed the rule that the jury must find from the evidence that the material was used in the construction of the building. There was no error in this instruction.

Defendant also argues that the court erred in refusing to give its instruction number two which is to the effect that if the materials were charged to Moore on open account there could be no recovery. The requested instruction was incorrect and there was no error in refusing it. The jury was properly instructed that if the material was used he was entitled to recover. It is immaterial what method of bookkeeping was used between the plaintiff and Moore.

Requested instruction number five is a re-argument of failure to allow $2,-450.72 as credit. It is discussed and disposed of in the alleged error in giving instruction number six.

On April 20, 1956, a check from Clark Taylor was sent to plaintiff made out to R. T. Moore and the supply company of which plaintiff is a member. Plaintiff offers to return this check. Requested instruction number seven sought to allow credit for this check in the amount of $255. Instruction number six covered this item. This check was never cashed. It was sent by Taylor to plaintiff after completion of the job. It could not be cashed except of

endorsement of the Joint payees. There was no error in refusing this instruction.

Plaintiff has confessed errors in certain items. The total amount of these items is $48.82. Without discussing the merit of this confession we hereby reduce the judgment by the amount and as so reduced the judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.