R. E. CURRY and Betty Curry, Plaintiffs in Error,

v.

L. C. MORGAN, d/b/a Paul Cox Warehouse Lumber Yard, Defendant in Error.

No. 37846.

Supreme Court of Oklahoma.

Feb. 11, 1958.

James H. Harrod, Oklahoma City, for plaintiffs in error.

Ben La Fon, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

L. C. Morgan, doing business as Paul Cox Warehouse Lumber Yard, hereinafter called plaintiff, filed this action against R. E. Curry, Betty Curry, R. F. Jones, doing business as General Roofing Company, Ponca City Savings and Loan Association, a corporation, and Rochelle Plemons. All of the defendants except R. E. Curry and Betty Curry are lien claimants, with the exception of Ponca City Savings and Loan Association, which is a mortgagee. Judgment was rendered foreclosing a subcontractor's lien in favor of L. C. Morgan, doing business as Paul Cox Warehouse Lumber Yard, on the premises owned by R. E. Curry and Betty Curry, hereinafter referred to collectively as defendants; and they herein appeal from said order and judgment.

The record discloses that A. T. Willoughby was constructing an addition to a dwelling owned by defendants. Plaintiff furnished material and supplies for the construction work, and filed its lien on June 9, 1955. It is alleged that the last material it furnished was on April 19, 1955. Remaining facts will be mentioned in connection with our consideration of the allegations of error.

■ It is first argued that plaintiff gave defendants no proper or legal notice of the filing of its lien. The addition to the dwelling was completed about the middle of April, 1955. Plaintiff testified that, prior to that time, he advised R. E. Curry that Willoughby had not paid plaintiff and that plaintiff was going to file a lien against the premises if he was not paid. At that time, or thereabouts, and before the lien was filed, R. E. Curry advised plaintiff that Curry had paid Willoughby all he owed him except approximately $390. Curry afterwards stated that part of this $390 was due for work other than that covered by the contract. On November 3, 1955, after the lien was filed, plaintiff sent defendants a registered letter advising of the filing of the lien. Tit. 42 O.S.1951 § 143 provides that notice in writing shall be given of the filing of the subcontractor's lien. We have discussed this statute, relative to the time in which notice must be given, in Union Bond & Investment Co. v. Bernstein, 40 Okl. 527, 139 P. 974, and Thacher v. International Supply Co., 176 Okl. 14, 54 P.2d 376, 380. In the latter case it is stated:

"* * * We have held that such notice may be furnished within a rea-

sonable time after the expiration of said 60 days, and that what is a reasonable time is a question of fact depending upon the circumstances of the particular case. Union Bond & Investment Co. v. Bernstein, 40 Okl. 527, 139 P. 974. It seems most evident that what is a reasonable time must be determined largely by the question of whether the complaining party has been injured by the delay. * * *"

■ There are other facts and circumstances which indicate defendants did not change their position with relation to plaintiff's claim by reason of his failure to give the written notice, and that, within the rule announced in the foregoing causes, the notice was given within a reasonable time.

■ Defendants also argue that the lien was not filed in the manner and form provided by law. The lien was filed in the office of the court clerk. It was properly stamped and the seal of the notary public shows on the affidavit provided for the signature that the notary public lived in Oklahoma City. The stamp of the District Court of Oklahoma County was placed upon the lien. The county is left out of the blank in the acknowledgment of the notary public. There is no other defect pointed out by the defendants. The defendants do not claim that by reason of such defects they were not able to determine the lien had been filed. They do not state they did not know the lien had been filed. We hold there was a substantial compliance in the filing of the lien.

■ In a final proposition, it is argued the lien was not filed in time. The defendants deny that the two items, purchased by the contractor, Willoughby, on April 19, 1955, were used in the construction work, and argue that since the lien was filed June 9, 1955, it was not filed in time. One of the items was a vent for the foundation and the other was paint. This material was signed for by Willoughby and delivered to him, and plaintiff testified it was sold to Willoughby for use in the work done on the premises of defendants.

We think this proposition is controlled by De Bolt v. Farmers' Exchange Bank, 51 Okl. 12, 151 P. 686, wherein it is stated:

"* * * In order for the plaintiff to foreclose a materialman's lien, it is incumbent upon him to show that the material furnished went into the building. Rockel on Mechanics' Liens, § 22. Yet, when it is shown that the material was sold to be used in the building, that it was delivered to the builder upon the premises where the building is to be erected, and that the building was actually erected, and where there is some testimony showing that some of the material was used in the building, then a prima facie case is made out."

There is no serious contention that all the other material was not used in the improvement of the dwelling. We have reviewed the evidence and find there is competent evidence that all the material listed was used by the contractor Willoughby in making the improvements, and that the lien was filed in time.

Judgment affirmed.