Joe JANKO and Ann Janko, husband and wife, and Capitol Hill Savings & Loan Association, Plaintiffs in Error,

v.

STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Defendant in Error.

No. 41837.

Supreme Court of Oklahoma.

April 29, 1969.

Rehearing Denied July 1, 1969.

Berry & Berry, James W. Bill Berry, Oklahoma City, Frank Eagin, Oklahoma City, on the brief, for plaintiffs in error.

John Paul Walters, Chief of Legal Division, Oklahoma Highway Dept., Oklahoma City, by Max Cook, Lawton, for defendant in error.

DAVISON, Justice.

Joe Janko, Ann Janko and Capitol Hill Savings & Loan Association, defendants below, appeal from a judgment rendered on a jury verdict in an eminent domain proceeding brought by the plaintiff, Department of Highways of the State of Oklahoma, to appropriate a part of defendants' land.

Plaintiff instituted the proceedings for the purpose of acquiring the west 0.14 acres of defendants' land, and also appropriating all of defendants' abutters rights, including all rights to access from the remaining portion of defendants' land onto the Limited Access Highway (Interstate Highway No. 35) to the west, except that the defendants were to have the right of access from the remaining portion of the property onto a frontage road to be constructed between Interstate Highway No. 35 on the west and the property on the east. The west 0.14 acres measures 203.2 feet north and south and is 30.28 feet wide at the north end and 30.96 feet wide at the south end.

The commissioners appointed by the court assessed the compensation and damages due defendants by reason of such appropriation at the sum of $36,220.00. Both plaintiff and defendants demanded a jury trial. The jury returned a verdict fixing the amount of defendants' recovery at $12,500.00.

The exact measurements of the tract owned by the Jankos is not shown, except that on the west side, where it adjoined Interstate Highway No. 35, it measured 203.2 feet. It appears from drawings introduced that the south line is about 300 feet and the north line is about 200 feet, and that it is bounded on the east by former Highway 77, which extends from northwest to southeast. To the north of the Janko tract there formerly was a triangular tract which was bounded on the west by what is now Interstate Highway No. 35 and on the east by former Highway 77 which extended northwest and intercepted Interstate Highway No. 35. By eminent domain proceedings in 1951, the State Department of Highways acquired the exclusive right to the use and possession of all the surface rights to this triangular tract of land for the public purpose of constructing and maintaining a public highway thereon, and including the right to use and remove all dirt, rock, gravel, and other road building materials. The Department of Highways constructed an east and west street or

highway across this triangular tract, which is an extension of Eighteenth Street, and the south line of which was 90 feet north of the Janko tract. Traffic moved on this street or highway both from and into Interstate Highway No. 35 on the west.

The evidence in the present action disclosed that the planned frontage road along the west side of the Janko property would extend north across Eighteenth Street and curve eastward into former Highway 77, and would be restricted to one-way north bound traffic. The evidence further disclosed the plaintiff intended to terminate the then existing access to and from Interstate Highway No. 35 at its junction with Eighteenth Street, and to close and eliminate Eighteenth Street where it crossed the triangular tract on a line 90 feet north of Jankos' property.

All the testimony in the trial was from persons qualified as experts in surveying and in property appraisals. Defendants' two witnesses estimated the amount of compensation and damages due the defendants at $42,000 and $56,438, whereas plaintiff's witness gave estimates of $6000 and $6222. As stated, the jury awarded $12,500 to the defendants. It appears that the difference in these estimates of amount was to a considerable extent due to a difference of opinion by the respective appraisers as to whether the northwest corner of the Janko tract, although located 90 feet south of Eighteenth Street, should be regarded as cornering on Interstate Highway No. 35 and Eighteenth Street, and thereby valuable as a potential service station site. This difference of opinion also existed relative to the northeast corner and its status relative to cornering on Eighteenth Street and former Highway 77. Defendants' witnesses maintained the corners of the tract should be treated as cornering on said thoroughfare; and plaintiff's witnesses insisted they did not. There was exhaustive examination of the witnesses on this point and the 1951 eminent domain proceedings were introduced in evidence and read to the jury.

In their first proposition the defendants contend the trial court erred in refusing to give defendants' requested instructions 1 and 2; and in overruling defendants' objection to testimony of plaintiff's witnesses that plaintiff owned a fee simple title to the land lying between the Eighteenth Street and the north line of defendants' property.

The "testimony" the defendants complain of was in the nature of expressions of opinion as to the right or title the plaintiff had acquired in the property north of the Janko tract, and were made in connection with a stated belief that the Janko tract was not regarded as cornering or being located at the intersection of highways or streets. Defendants point out a number of instances in the record where the attorney for plaintiff, and plaintiff's witnesses on cross-examination by defendants' attorney stated that the plaintiff owned the property between Eighteenth Street and the Janko property and had a right to fence, excavate or fill it. Defendants' witnesses expressed their belief that the Jankos had access to Eighteenth Street over the 90 foot strip and one witness described the 90 foot strip as parking. Testimony that a person had to have a "driveway permit" in order to have access from a highway to adjoining property, and that Janko did not have a permit to cross this property, was not challenged.

Plaintiff cites 60 O.S.1961, § 157.3 (now 69 O.S.Supp.1968, § 1210), providing, among other things, that no culvert or driveway shall be constructed or maintained on the right-of-way of any designated State highway by any person without the approval of the Highway Commission.

In this state of the evidence the defendants requested the trial court to give two instructions which would have informed the jury that the Janko tract abutted Eighteenth Street and that defendants had a special easement in the street, for the purpose of ingress, egress, light and air, which could not be taken or impaired without compensation. The trial court refused.

The trial court did instruct the jury, among other things, that no private property shall be taken or damaged for public use without just compensation (Okl.Const.Art. 2, § 24); that the jury should determine the amount of the just compensation, and reasonable damages, if any, that the defendants were entitled to receive, which was the difference in the fair market value before and after the taking; that the jury "should give consideration to all facts and circumstances which would be substantially weighed by a prospective purchaser, if the owner was offering the property for sale, in determining its value" and that "In considering facts and circumstances which affect the value, they should only be considered and given weight to the extent that they actually and sensibly affect the market value of the land."

■ From our examination of the record, it is our opinion that the jury was fully informed as to the situation prior to the taking and the changed situation resulting from the condemnation. It is our further opinion that the jury was adequately instructed concerning the matters it should consider in determining the amount the defendants should receive because of the taking and use of the portion taken for the purposes for which it was condemned.

In Finley v. Board of County Commissioners, Okl., 291 P.2d 333, 337, 338, the appealing property owner in a condemnation proceeding similarly complained of the refusal of the trial court to give several requested instructions relating to particular consequential damages resulting from the appropriation of a strip of land and its use in connection with other highway improvements. We held this was not error where the court admitted evidence regarding such consequential damages and instructed the jury that the measure of damages was the difference between the fair market value of the whole property at the time of condemnation and the fair market value of the property left after the taking.

■ In United States Fidelity & Guaranty Co. v. Belew, Okl., 325 P.2d 429, we

held that it is not error to refuse a specific instruction where the instructions given, when considered as a whole, reasonably present the issues involved.

It is our conclusion that the lower court did not commit error in the respects charged by defendants.

Defendants further contend that error of law occurred when the trial judge restricted cross-examination of an expert witness for the plaintiff concerning the witness' appraisals of the property.

This witness was one of the original commissioners appointed by the court to determine the compensation and damages due the defendants in the condemnation proceeding. The witness and the other commissioners filed a report fixing this amount at $35,222. At the later trial to the jury the witness appeared in behalf of the plaintiff and testified the defendants were entitled to $6222. This witness testified on direct examination that in his opinion the Janko property was not on a corner. On cross-examination by defendants' counsel the witness admitted that at a prior time he appraised the property on the basis that the tract had a corner for a filling station site, and admitted he was one of the "commissioners agreed upon when this case was brought up to that plateau in a condemnation proceeding." Then, when defendants' counsel started to make inquiry regarding the other commissioners, the plaintiff moved for a mistrial. The trial judge declared a recess and, when the trial resumed, overruled the motion. The record does not show that defendants' counsel was admonished or told to restrict his cross-examination in any way. Counsel did continue his examination as to why the witness had later decided the Janko tract did not have corners for a filling station.

. Defendants do complain in their brief that when they sought to cross-examine the witness "for this wide discrepancy between his two reports" they were stopped by a threat of a mistrial. However, in order to show this discrepancy, the defendants would have had to introduce in evidence the larger amount the witness and the other commissioners had previously reported to the court as defendants' damages by reason of the condemnation proceeding. We have held this to be inadmissible.

 In Eberle v. State of Oklahoma ex rel. Department of Highways, Okl., 385 P. 2d 868, we said that where a demand is made for a jury trial in a condemnation proceeding, the award made by the commissioners is not competent evidence to go before the jury.

It is our conclusion that the defendants were not improperly restricted in their cross-examination of the witness.

 There was competent evidence to support the verdict of the jury as to the amount of damages awarded. This court will not substitute its judgment for that of a jury in matters of damages to be awarded for the condemnation of property for a public use, nor will it disturb the verdict of a jury if supported by any competent evidence. Eberle v. State of Oklahoma ex rel. Department of Highways, supra.

We find no grounds for reversing the judgment of the lower court.

Affirmed.

All the Justices concur.