MID–CONTINENT CASUALTY COMPANY,
a corporation, and Larry J. McKinney,
d/b/a McKinney Construction Company,
Plaintiffs in Error,

v.

P & H SUPPLY, INC., a corporation,
Defendant in Error.

No. 43551.

Supreme Court of Oklahoma.

Nov. 2, 1971.

Lee Gill and Harry Brown, Oklahoma City, for plaintiffs in error.

Glenn A. Young and Earl W. Wolfe, Sapulpa, for defendant in error.

DAVISON, Vice Chief Justice.

This is an action upon a statutory payment bond, filed August 15, 1968, by the P & H Supply, Inc., a corporation, as plaintiff against Mid-Continent Casualty Company, a corporation, Larry J. McKinney, d/b/a McKinney Construction Company, and Board of Education, Independent School District No. 103, Prague, Lincoln County, Oklahoma, as defendants. The action was dismissed without prejudice as to the last named defendant.

The bond was executed by defendant McKinney as principal and the defendant Mid-Continent Casualty Company as surety in the amount of $101,625.00 conditioned that McKinney shall promptly make payment to all claimants for all labor and ma-

terial used or reasonably required for use in the performance of a contract dated January 20, 1967, between McKinney and the Independent School District above named, wherein McKinney agreed to construct Junior High and Gymnasium Additions for the Independent School District in accordance with drawings and specifications prepared by Locke & Smith, Inc.

The plaintiff claims in his first amended petition, as amended, that between February 28, 1967, and August 31, 1967, at the request of William Henry Mackey, d/b/a General Air Conditioning, a subcontractor under defendant McKinney, that the plaintiff furnished supplies and materials, including heating, air-conditioning and plumbing equipment, for the Junior High and Gymnasium Additions constructed under the contract of January 20, 1967; that the reasonable value of the supplies so furnished was $14,296.52 of which $8933.77 has been paid leaving an unpaid balance of $5,363.75.

In addition to the statutory payment bond, there is attached to plaintiff's first amended petition a performance bond and a verified account expressed entirely in mathematical symbols including invoice numbers. In plaintiff's amendment to plaintiff's first amended petition, there is attached as Exhibit "E" a bid quotation by plaintiff to William H. Mackey, subcontractor to contractor defendant ·Larry J. McKinney. This bid quotation alleged to have been accepted and signed by subcontractor is an itemized statement of materials with price quotations alleged by plaintiff to have been furnished to the subcontractor on an open continuous running account, all of which were alleged to have been used in the prosecution of work provided for in the principal contract for building additions to the Prague Junior High and gymnasium.

The answer of defendant Larry J. McKinney to plaintiff's first amended petition alleged several defenses including the defense that plaintiff's cause of action is barred by the Statute of Limitations pro-

vided in Chapter 57 of the 1968 Session Laws of Oklahoma and provided in Chapter 213 of the 1965 Session Laws. Additionally the answer alleged two defenses, which were withdrawn during the trial and several were ignored and abandoned in the briefs of the parties.

The essential defenses that remain to be considered under the proposition advanced on appeal by defendants and the response of the plaintiff are (1) the general denial of the defendants; (2) the specific denial that plaintiff furnished all the material described in Exhibit "E" to plaintiff's first amended petition; (3) plaintiff is seeking to charge prices in excess of the price quotations in said Exhibit "E;" (4) the specific denial that all the material furnished was used in building additions to Prague Junior High and the gymnasium; (5) the denial of defendants that the material supplied by plaintiff was supplied on an open, continuous running account; (6) the bar of the statute of limitations.

The answer of co-defendant Mid-Continent Casualty Company raises substantially the same fact issues raised by defendant McKinney.

The plaintiff's reply consisted of a general denial and a specific denial of the conversations bearing upon the alleged effort of defendant McKinney to protect plaintiff in . his payments to Mackey. Plaintiff admitted in reference to material supplied but not used that Mackey was entitled to a credit of $656.62 and indicated plaintiff's willingness to issue a credit memorandum to plaintiff in that amount.

Upon a trial to District Court of Lincoln County, Oklahoma (a jury was waived) the District Court rendered judgment for the plaintiff in the sum of $4583.33 with interest at 10% per annum from the date of judgment. Recitals in the journal entry reflect that the District Court arrived at this figure, with a 35¢ error, by subtracting from $5360.73 the sum of $777.75 representing credits plaintiff was entitled to in the judgment of the court including the above mentioned credit of $656.62.

The motion of each of the defendants for a new trial was overruled. The defendants in the trial court filed their joint petition in error in this court as plaintiffs in error Mid-Continent Casualty Company, a corporation, and Larry J. McKinney. The defendant in error, P & H Supply, Inc., was plaintiff in the trial court. The parties are referred to in this opinion by their trial court designations.

The defendants in their brief, under appropriate assignments of error, confine their attack upon the judgment of the trial court to three propositions: (I) The action of the plaintiff upon the statutory payment bond is barred by the applicable Statute of Limitations; (II) To recover upon a statutory payment bond the material man (plaintiff in this action) must show material furnished was used or consumed in the public work provided that if it is established that material was delivered to the job site a rebuttable presumption arises that the material was used or consumed in the work; (III) Instruments offered in evidence by plaintiff to show delivery of materials to job site are inadmissible hearsay because such instruments were not created by plaintiff but by a supplier who shipped materials, not on order from the subcontractor, but on order, from plaintiff, that subcontractor Mackey had ordered earlier from plaintiff.

■ We shall consider first the defense that plaintiff's action is barred by the Statute of Limitations. The relevant facts follow: The last material for which plaintiff makes claim was furnished August 19, 1967. The work on additions to the Prague Junior High and gymnasium was completed December 15, 1967. The statute in effect when plaintiff could first have brought this action was Chapter 518, § 2, 1965 Oklahoma Session Laws, which required that a payment bond be taken when a contract is entered into by any public officer in any sum exceeding $1000.00 for making any public improvements or constructing any public buildings or making

repairs on the same. Section 2 provides in part " * * * provided that no action shall be brought on said bond after one (1) year from the completion of said public improvements or buildings * * *." The statute of limitations began to run on plaintiff's cause of action December 15, 1967, and plaintiff's suit was filed on August 15, 1968, well within the one year limitation provided for in said statute.

On March 15, 1968, a new statute was passed (61 O.S.Supp.1968, §§ 1 and 2). In this latter statute it was provided that no action shall be brought on such a bond after one (1) year from the day on which the last of the labor was performed or material furnished. The defendants rely on this latter statute for their defense of the statute of limitations.

This latter statute was not available to defendants for the reason that plaintiff's cause of action has accrued under the first (1965) statute.

We have consistently held that a new statute of limitations, as far as it affects existing rights of action, must be held to begin when cause of action is first subjected to its operation, absent contrary provisions. Graner Construction Co. v. Brandt, 180 Okl. 221, 68 P.2d 788.

■ We have also held that "accrued right" as used in Section 54, Article 5 of the State Constitution may be defined as a matured cause of action, or legal authority to demand redress. Barry v. Board of County Commissioners of Tulsa County, 173 Okl. 645, 49 P.2d 548.

■ A statute will be construed as having a prospective operation only, unless it plainly indicates a legislative intent that it shall operate retrospectively. American National Insurance Co. v. Donahue, 54 Okl. 294, 153 P. 819; Phillips v. H. A. Marr Grocery Company, Okl., 295 P.2d 765. There is nothing in the 1968 statute that would indicate that the legislature intended the act to be retrospective.

We turn now to the second proposition of defendants. They say in effect that

plaintiff must show that the material it furnished to defendant McKinney or to his subcontractor Mackey was consumed in the building of additions to the Prague Junior High and gymnasium except that proof of delivery to the job site raises a rebuttable presumption that the delivered material was used in the work. Plaintiff in his brief, while claiming proof that all material was delivered to the job site, implicitly concedes the validity of Proposition II of defendants as stated.

■ We agree with Proposition II of defendants that the statutorily required obligation of the payment bond of January 20, 1967, is to "pay all indebtedness incurred for * * * materials furnished by any supplier and consumed in the construction of said public building * * *." Liability under the bond does not attach for any material not consumed in the construction of said public building. United States Fidelity & Guaranty Co. v. Belew, Okl., 325 P.2d 429 (1958) involved an action on a payment bond given to a school board. The applicable statute, 61 O.S.1951, § 1, required the principal to pay for materials "furnished in the construction of said public building or in making said public improvements." Instruction No. 8 was assigned as error. On this matter we said: "This instruction properly followed the rule that the jury must find from the evidence that the material was used in the construction of the building."

■ Consistent with the exception stated in Proposition II of defendants' brief, a rebuttable presumption is created that material delivered to the job or work site was consumed.

In De Bolt v. Farmers and Exchange Bank, 51 Okl. 12, 151 P. 686 (1915) in a case involving the foreclosure of a materialman's lien, we said:

"In order for the plaintiff to foreclose a materialman's lien, it is incumbent upon him to show that the material furnished went into the building. Rockel on Mechanics' Lien, § 22. Yet, when it is shown that the material was sold to be used in the building, that it was delivered to the builder upon the premises where the building is to be erected, and that the building was actually erected, and where there is some testimony showing that some of the material was used in the building, then a prima facie case is made out."

This view was reaffirmed in Curry v. Morgan, Okl., 321 P.2d 973, 975 (1958).

We find no reason to preclude the application of this doctrine to the issues involved in this action on a statutory payment bond.

■ Related to this same issue there is an indication in the record from counsel that in this case there is something sacrosanct about the fact that plaintiff sues on "open, continuous running account." This question was also settled in United States Fidelity & Guaranty Co. v. Belew, supra, where we said:

"Defendant also argues that the court erred in refusing to give its instruction number two which is to the effect that if the materials were charged to Moore on open account there could be no recovery. The requested instruction was incorrect and there was no error in refusing it. The jury was properly instructed that if the material was used he was entitled to recover. It is immaterial what method of bookkeeping was used between the plaintiff and Moore."

■ Finally, we consider the question whether none, some or all of the material, for which plaintiff alleges payment has not been made, was ever delivered to the job site. Defendants claim that the documentary proof offered by plaintiff to prove such delivery is inadmissible hearsay. In response plaintiff says that the challenged documents are admissible under a provision (12A O.S.1961, § 1–202) of the Uniform Commercial Code. This section says:

"A document in due form purporting to be a bill of lading, policy or certificate of insurance, official weigher's or inspector's certificate, consular invoice, or any other document authorized or required by the contract to be issued by a third party shall be prima facie evidence of its own authenticity and genuineness and of the facts stated in the document by the third party."

The quoted section is not applicable here. It is designed, obviously, to establish the documents in question as prima facie evidence. The documents must be those which are given a preferred status by express provisions in the principal contract —documents which are authorized or required by the contract to be issued by a third party, documents which would otherwise, as a rule, be inadmissible hearsay.

■ On the basis of our examination of this rather complex record containing 112 exhibits, including invoices, shipping instructions, shippers receipts, bills of lading and delivery receipts, we have concluded that the defendants are entitled to credits in addition to credits allowed by the judgment of the trial court. Certain of the material for which plaintiff seeks payment is invoiced in Exhibits Nos. 30, 38, 40, 41, 47, 50, 53, 65 and 69. This material was apparently shipped to Shawnee, Oklahoma, and not to the job site at Prague, Oklahoma. The amounts represented by all such exhibits, except No. 40, is $557.67. The record does not reveal any proof that this material, except the material covered by Exhibit No. 40, was delivered to the job site. In respect to such material no presumption is established that it was consumed in the public works. De Bolt v. Farmers and Exchange Bank, supra.

Accordingly the defendants should be allowed an additional credit of $557.67.

■ As to the material invoiced on Exhibit No. 40, we can assume it reached the job site. Defendant McKinney on direct examination testified that certain of the material listed in Exhibit No. 40 was not required by the architect's plans and specifications and that this mistake was "caught" at the job site. This material was returned resulting in a credit of $508.57, including tax. The presumption was thus established that, except for the material not called for in the architect's plans and specifications that was returned, the remaining material listed in Exhibit No. 40 was delivered to the job site and presumptively was consumed in the public works.

■ We have held, as we have indicated above, and as counsel for all parties to this action concede, that when it is established that certain material is delivered to the job site, a rebuttable presumption results that such material was consumed in the public works. We have never held that there may not be other bases for a rebuttable presumption that certain material was consumed in the public works.

The record in this case is clear in reference to the following: (1) The architects', Locke & Smith, Inc., exercised close and careful supervision over construction of the contracted additions to the Prague Junior High School and gymnasium; (2) the work in the construction of the additions was accomplished and completed with few exceptions with material called for in the architects' plans and specifications; (3) based upon the material called for in the architect's plans and specifications, the plaintiff at the request of subcontractor Mackey, submitted bid quotations which were signed and accepted by the subcontractor Mackey; (4) the bid quotations that total $5719.67 including tax appear as Exhibit "E" to "Amendment to Plaintiff's First Amended Petition" and as plaintiff's Exhibit No. 17; (5) the aggregate value of supplies and materials (furnished to subcontractor Mackey) was $14,296.52 of which $8933.77 has been paid leaving an unpaid balance of $5363.75; (6) during the construction process, there were variations in supplying materials listed in the bid quotations. As an example there was an ex-

cessive supply of materials with quoted prices aggregating $656.62 for which, under the judgment of the trial court, credit is allowed defendant McKinney, the principal contractor, subject to the return of the material to the plaintiff by the defendant McKinney; (7) almost all of the invoices and shipping instructions reflect that the materials listed in the invoices were sold to be used in additions to the Prague Junior High School and gymnasium; (8) although Mackey, the subcontractor, was engaged in three other jobs at the time of the Prague Junior High School and gymnasium job, there is no showing that any of the material went into other jobs; (9) there are delivery receipts related to invoices for materials at prices quoted in Exhibit No. 17 aggregating $4957.05 signed by either B. F. Edwards or Bill Paulk, employee plumbers working on the job for subcontractor Mackey; (1) plaintiff's general manager testified that all the material sold to Mackey was sold for use in constructing additions to the Prague Junior High School and gymnasium; (11) the job could not have been completed except upon the assumption that most of the material listed in plaintiff's invoices was consumed in the public work involved in this case.

We conclude that perforce all the circumstances enumerated above there was established a rebuttable presumption that all supplies and materials listed in plaintiff's invoices with permissible substitutions and excepting certain supplies shipped the subcontractor at Shawnee, Oklahoma, were consumed in the public works under consideration here.

Accordingly we allow the defendants, in addition to the credits allowed in the judgment of the trial court, a credit of $557.67 thus reducing the judgment of the trial court to $4025.66 with interest at 10% from April 7, 1969, and for the costs of this action.

As so modified the judgment of the trial court is affirmed.

All the Justices concur.