STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Plaintiff in Error,

v.

A. V. BERRY and Mildred A. Berry, Husband and Wife, Defendants in Error.

No. 43131.

Supreme Court of Oklahoma.

March 21, 1972.

John Paul Walters, Chief Counsel, by James D. Payne, Legal Div., Oklahoma Dept. of Highways, Oklahoma City, for plaintiff in error.

Allen & Allen, by Walt Allen, Chickasha, for defendants in error.

IRWIN, Justice:

State commenced proceedings to condemn a portion of defendants' property for highway improvement and construction. Commissioners were appointed and they filed their report assessing the damages. State deposited the amount assessed, took possession of the property and proceeded with the work. Both parties demanded a jury trial which resulted in a verdict increasing defendants' award an additional $5,290.00. Judgment was rendered accordingly and State appeals from the order overruling its motion for a new trial.

■ The property condemned was contiguous to a pre-existing highway to which defendants had access. State contends the trial court erred in refusing to give one of its requested instructions on the grounds that it was highly prejudicial in view of another instruction (No. 8) given by the trial court. State's requested instruction was couched in a portion of the language used in 69 O.S.1961, § 157.3 to the effect that the State was authorized to regulate construction and maintenance of driveways on its right-of-ways; and that no driveway shall be constructed or maintained on the right-of-way of any State Highway without approval of State.

Instruction No. 8, in effect, instructed the jury that prior to the taking of a portion of defendants' property it fronted an established highway to which they owned an abutters rights, including rights of access along said frontage; that State was taking these rights from the remaining portion of defendants' property except State was allowing three designated entrances from the highway to the remaining land; and that the State had the legal right to condemn these rights but such constituted items of damage.

State argues that when instruction No. 8 was given and the trial court refused to give its requested instruction, the jury had no other alternative than "to assume that an abutting landowner had unlimited rights of access to and upon the right-of-way of any State Highway and that such was the 'taking' for which it (the jury) was to ascertain damages."

State did not object to instruction No. 8 given by the trial court. Defendants introduced evidence concerning the access they had to their property prior to the taking. There was no evidence submitted that such access was unlawful or in violation of any regulation of the State or that such access interfered with the proper drainage or maintenance of the highway. There was no evidence that State had attempted to remove or close defendants' means of access prior to the taking which it had the right to do under certain circumstances under § 157.3, supra. Evidence was introduced showing defendants' means of access

to their property after the taking and the jury viewed the premises.

In Janko v. State ex rel. Department of Highways, Okl., 455 P.2d 681, we said that it is not error to refuse a requested instruction where the instructions given when considered as a whole, reasonably present the issues involved. The instructions in the case at bar, when considered as a whole, reasonably present the issues to the jury.

We hold that the trial court's refusal to give State's requested instruction does not constitute reversible error. Having made this determination, it is unnecessary to consider defendants' contention that State's requested instruction was not correct in form and substance.

The next issue presented is whether defendants are entitled to ten (10) per cent interest per annum on the $5,290.00 additional damages awarded from the date of taking as contended by defendants; or are defendants entitled to six (6) per cent interest on such sum from the date of taking to the date of judgment, and ten (10) per cent interest from the date of judgment as contended by State.

■ Before considering this issue we will first dispose of a procedural question. In this connection, defendants contend that the trial court fixed the rate of interest at ten (10) per cent per annum from the date of taking; that State did not allege either in its motion for new trial or in its petition in error that the trial court erred in allowing the ten (10) per cent rate of interest from the date of taking; and that State is not entitled to a review of this question on appeal.

The ten (10) per cent interest issue was raised in the trial court in connection with defendants' unsuccessful attempt to require State to deposit the additional award of $5,290.00 into court.

A cursory examination of the record might indicate that the trial court fixed the rate of interest at ten (10) per cent per annum from the date of taking. However, a close examination of the record discloses that the trial court's judgment and its order overruling State's motion for new trial recited a six (6) per cent interest rate. The ten (10) per cent interest rate was not even presented to the trial court until after State's motion for a new trial had been overruled. The record simply will not sustain a finding that prior to the time State filed its motion for a new trial or its petition in error there was an existing order of the trial court fixing the rate of interest at ten (10) per cent from the date of taking. Also, the record will not sustain a finding that prior to the time State filed its motion for new trial or its petition in error, there was an existing order of the trial court fixing the rate of interest at ten (10) per cent from the date of judgment.

We cannot sustain defendants' contention that the trial court's judgment fixed the rate of interest at ten (10) per cent per annum from the date of taking defendants' property and the State has no right in this appeal to challenge the alleged ten (10) per cent interest rate on the additional award of $5,290.00 as argued by defendants.

■ In Oklahoma City v. Wells, 185 Okl. 369, 91 P.2d 1077, we held that an award in condemnation proceedings properly included interest at the rate of six (6) per cent per annum from the date of taking. At the time of the adoption of the above case, six (6) per cent interest was the legal rate of interest and the rate of interest on judgments. See 15 O.S.1961, § 266, for the legal rate of interest; and 15 O.S.1961, § 274, for interest on judgments. The judgment in the case at bar was rendered after § 274 had been amended in 1968. See 1968 Session Laws, Chap. 71, pg. 98; 15 O.S.1968 Supp. § 274; and as amended and recodified, 12 O.S.1971, § 727. By virtue of the 1968 amendment of § 274, supra, judgments bear interest at the rate of ten (10) per cent per annum from the day on which they are rendered, subject to certain exceptions not herein pertinent. However, the amendment of § 274, supra, in 1968,

pertains to judgments and did not change the legal rate of interest of six (6) per cent.

We have previously determined that the trial court's judgment fixed the interest rate on the additional award of $5,290.00 at six (6) per cent per annum from the date of taking. However, State concedes that since § 274, supra, was amended prior to the date of judgment, that said judgment should have required it to pay ten (10) per cent interest from the date of judgment on the additional award of $5,290.00 until paid. State's position in this connection is in harmony with an opinion rendered by the Attorney General of the State of Oklahoma, addressed to the Director of the State Highway Department on September 4, 1970, wherein the Attorney General was of the opinion that "The Highway Department complies with State law when it pays condemnees six (6) per cent per annum interest on the excess of the jury's verdict over the Commissioners' award from the date of taking to the day on which judgment is rendered; and when it pays ten (10) per cent per annum interest on the excess of the jury's verdict over the Commissioners' award from the day on which judgment is rendered until paid."

Six (6) per cent interest, absence of any contract, was the legal rate of interest on the date of taking defendants' property (see 15 O.S.1961, § 266); and is the present legal rate of interest, absence of any contract (15 O.S.1961, § 266). The amendment of § 274, supra, in 1968, did not change this legal rate of interest but only changed the rate of interest that judgments would bear from the day on which they were rendered. We therefore conclude that defendants were not entitled to ten (10) per cent per annum on the additional award of $5,290.00 from the date of taking.

Since the judgment of the trial court fixed the rate of interest at six (6) per cent per annum from the date of taking; and since the State concedes that said judgment should have required it to pay ten (10) per cent interest from the date of

judgment on the additional award of $5,290.00, the judgment of the trial court will be modified. The judgment of the trial court is modified to the extent that defendants shall be entitled to interest on the $5,290.00, at the rate of six (6) per cent per annum from the date of taking defendants' property to the date of judgment; and defendants shall be entitled to interest on the $5,290.00 at the rate of ten (10) per cent per annum from the date of judgment until paid.

Judgment of the trial court affirmed as modified.

All the Justices concur.