WATERS AND WATER RIGHTS Assuming that procedures for dissolution have not been culminated in accordance with 82 O.S. 277.18 [82-277.18] (1977), Canton Irrigation District is a legal entity. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: "Is the Canton Irrigation District, which was formed in 1947, still a legal entity under the Statutes of the State of Oklahoma?" A preliminary issue which merits consideration is whether or not the Canton Irrigation District was organized in compliance with the statutory framework then in existence, to wit. 82 O.S. 111 [82-111] et seq. (1941). This is a question of fact, and thus customarily outside the scope of an Attorney General's Opinion; however, the recitation of facts in the Petition for Judicial Confirmation of the Proceedings has been reviewed, and this recitation appears to be in compliance with the then existing statutory requirements. It should be noted, however, that the actual procedures were not reviewed; simply the recitation thereof in the judicial confirmation. Another matter of a preliminary nature is in determination of the effect, or lack thereof, of subsequently-enacted legislation on the antecedent creation of the district. Title 82 O.S. 111 [82-111] to 82 O.S. 276.19 [82-276.19] (1971) were repealed by Laws 1973, c. 179, 25, and 82 O.S. 277.1 [82-277.1] to 82 O.S. 277.24 [82-277.24] (1977) were enacted in their place. A perusal of the latter reveals great similarities in the requisites of creation, which is persuasive in itself of the continuing meaning and intent of the Legislature. Further, as a matter of general statutory construction, prospective application is presumed, and a retrospective effect will not be found unless express or necessarily implied MidContinent Cas. Co. v. PH Supply, Inc., Okl., 490 P.2d 1358 (1971). Thus, it should not be presumed that the Legislature intended all districts created under the now-repealed statutes to be void for failure to comply with the superseding provisions; absent such presumption, and failing to find express or necessarily implied intent to void previously-created districts, Canton Irrigation District is unaffected by subsequent legislation insofar as its existence is concerned. See also Oklahoma Constitution, Article V, Section 54, which provides: "The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute." The current statutory framework provides for only one method by which such a district may be terminated by virtue of 82 O.S. 277.18 [82-277.18] (1977), to wit: a special election called by the board of directors as a result of a petition by twenty-five percent (25%) of the electors of said district resulting in a vote to dissolve. The sole provision for inactive districts indicates that if such condition occurs, the district judge of the district may designate a board of directors who may act to dissolve, in compliance with the above, found at 82 O.S. 277.19 [82-277.19] (1977). It would thus appear that, unless either the district court or the electorate has taken action instigating dissolution, the Canton Irrigation District is still a legal entity. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Assuming that procedures for dissolution have not been culminated in accordance with 82 O.S. 277.18 [82-277.18] (1977), Canton Irrigation District is a legal entity. (AMALIJA J. HODGINS)
OPINION — AG — ASSUMING THAT PROCEDURES FOR DISSOLUTION HAVE NOT BEEN CULMINATED IN ACCORDANCE WITH 82 O.S. 1977 Supp., 277.18 [82-277.18], CANTON IRRIGATION DISTRICT IS A LEGAL ENTITY. CITE: 11 O.S. 1971 111 [11-111] TO 11 O.S. 1971 276.19 [11-276.19], 82 O.S. 1977 Supp., 277.1 [82-277.1] TO 82 O.S. 1977 Supp., 277.24 [82-277.24] [82-277.24], 82 O.S. 1977 Supp., 277.18 [82-277.18] [82-277.18] (AMALIJA J. HODGINS)